■ In the Matter of WILLIAM ROBINSON, Petitioner, v M. PHILLIPS, as Hearing Officer, et al., Respondents. [726 NYS2d 824] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner

of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After an investigation into petitioner's claim that superficial cuts to his face were the result of an assault by another inmate, petitioner was charged with violating numerous disciplinary rules, including those prohibiting self-inflicted bodily harm, possession of a weapon, false statements and interference with an employee. Petitioner contends that the determination finding him guilty of these charges is not supported by substantial evidence. Although based largely on hearsay regarding petitioner's motive for cutting himself, the misbehavior report and testimony of its author, together with the superficial nature of petitioner's wounds, the absence of any independent evidence of an assault and the less than convincing nature of petitioner's attempts to explain how the assault occurred, provide substantial evidence to support the determination (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966; *Matter of Chujoi v Selsky*, 272 AD2d 801, *lv denied* 95 NY2d 762). Inasmuch as the evidence demonstrated that the wounds were caused by a sharp weapon, it was reasonable to conclude that petitioner possessed the weapon when he cut himself.

Although the hearsay in this case was confidential information, we note that petitioner failed to raise an issue at the hearing or on his administrative appeal regarding the Hearing Officer's obligation to independently assess the credibility of that information and, therefore, the issue was not preserved for our review (*see, Matter of Gargano v Goord*, 278 AD2d 716). In any event, the information was sufficiently detailed and probative to permit such an assessment (*see, Matter of Peters v Goord*, 280 AD2d 738). Next, the record refutes petitioner's claim that he was not provided with a written statement of the disposition within 24 hours of the conclusion of the hearing, for he was provided with both a written and oral statement when the hearing was reconvened after an adjournment of several days following the close of proof (*see, Matter of Retzer v Goord*, 272 AD2d 703). Finally, we have considered petitioner's remaining arguments and find them insufficient to warrant any further discussion.

Cardona, P. J., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.