■ In the Matter of MARK BROWN, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [730 NYS2d 579] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Based largely upon confidential information collected by the author of the misbehavior report charging petitioner with assault and related charges arising out of the cutting of another inmate, petitioner was found guilty of the charges. "It is well settled that hearsay evidence in the form of confidential information relayed to the Hearing Officer may provide substantial evidence to support a determination of guilt where the Hearing Officer makes an independent assessment and determines that the information is reliable and credible" (*Matter of Vega v Goord*, 274 AD2d 807, 808 [citation omitted]). Our review of the in camera material establishes that the confidential information from a number of independent sources was sufficiently detailed and probative to permit the Hearing Officer's independent assessment of reliability and credibility (*see, Matter of Peters v Goord*, 280 AD2d 738). Accordingly, we conclude that the confidential information, together with the misbehavior report and testimony adduced at the hearing, constitutes substantial evidence to support the determination of guilt (*see,*

*id.*). Although no weapon was recovered, the evidence demonstrated that the victim was cut with a razor-like weapon and, therefore, it was reasonable to conclude that petitioner possessed the weapon when he assaulted the victim (*see, Matter of Robinson v Phillips*, 285 AD2d 779).

Turning to petitioner's claims of procedural error, the record reflects that the victim apparently refused to testify and, although the Hearing Officer apparently conducted some inquiry with regard thereto, gaps in the transcript preclude our review of the sufficiency of the inquiry. Nevertheless, we conclude that the deficiency provides no basis to disturb the determination. Petitioner stated at the hearing that he requested the victim as a witness for the specific purpose of asking the victim whether petitioner was the person who attacked him. The author of the misbehavior report testified that when he showed a picture of petitioner to the victim, the victim was unable to say for certain that petitioner was the assailant. The record contains additional evidence that the victim was unable to identify the person who cut him and misidentified one of the other participants in the attack. Accordingly, the victim's testimony would have been redundant and/or immaterial regarding the identity issue on which petitioner wished to question him. Petitioner claims in his reply brief that he had other relevant questions for the victim, but he has not identified any such question. Inasmuch as petitioner failed to demonstrate that the victim's testimony could have disclosed information not otherwise available through evidence in the record, he was not prejudiced by the denial of that witness (*see, Matter of Bryant v Mann*, 199 AD2d 676).

Although there are intermittent gaps in the hearing transcript, they are not so significant as to preclude meaningful review (*see, Matter of Jackson v Goord*, 263 AD2d 726, *lv denied* 94 NY2d 753). Petitioner's remaining claims, including Hearing Officer bias and excessiveness of the penalty, have been considered and are insufficient to warrant further discussion.

Mercure, J. P., Spain, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.