■ In the Matter of JAMES TAYLOR, Petitioner, v THOMAS POOLE, as Superintendent of Gouverneur Correctional Facility, Respondent. [746 NYS2d 916]

Petitioner was found guilty of violating the prison disciplinary rules prohibiting possession of a controlled substance, destruction of state property and smuggling after a surveillance video showed him using a dragline to pass an envelope from his cell to that of another inmate. The envelope, which contained two packets of a brown substance, was confiscated, and subsequent laboratory testing identified the substance as heroin. Respondent concedes, and our review of the record confirms, that there is insufficient evidence to support that part of the determination finding petitioner guilty of the charge of destruction of state property. That part of the underlying determination is, accordingly, annulled and the matter is remitted to the Commissioner of Correctional Services for a redetermination of the penalty imposed (*see Matter of Delgado v Hurlburt*, 279 AD2d 734; *Matter of Hall v Goord*, 274 AD2d 722).

The remainder of the determination is supported by substantial evidence in the form of the detailed misbehavior report, the surveillance videotape on which petitioner is shown casting the envelope out of his cell on a dragline, and the documentation of the laboratory testing identifying the substance found in the envelope as heroin (*see Matter of Morales v Goord*, 290

AD2d 790, 791; *Matter of Smart v Goord*, 266 AD2d 606). Contrary to petitioner's assertions, we are satisfied that the laboratory testing was performed in accordance with the required procedures and that an unbroken chain of custody was established (*see Matter of Smart v Goord, supra*). Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of destruction of state property; petition granted to that extent and matter remitted to the Commissioner of Correctional Services for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.