**20**  In the Matter of JAMES F. SCHULTZ, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [753 NYS2d 223] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting the unauthorized solicitation of goods from nonfamily members, selling controlled substances, stealing, participation in third-party telephone calls and failure to comply with facility telephone regulations. Respondent concedes, and our review confirms, that so much of the determination as found petitioner guilty of the charge of stealing is not supported by the requisite substantial evidence. Hence, the determination is modified by reversing the finding of guilt as to that charge.

As to the four surviving charges, substantial evidence of petitioner's guilt was presented in the form of the detailed misbehavior report, the testimony of the correction officer in charge of the surveillance of petitioner's telephone calls, transcripts of the calls and petitioner's statements at his disciplinary hearing wherein he admitted to having made the calls and asserted that he was not denying the facts underlying the charges against him (*see Matter of Tunstall v Miller*, 274 AD2d 723). Pursuant to the misbehavior report, petitioner repeatedly telephoned the residence of an inmate who had been released on parole for the purpose of, inter alia, facilitating the paroled inmate's sale of controlled substances to third parties and his robbery of various retail stores. Petitioner also requested the individual to send personal items for his use at the facility.

We reject petitioner's contention that the misbehavior report is invalid because it is dated 44 days after the first telephone

call that provided a basis for the disciplinary charges filed against him. By regulation, a misbehavior report is to be written "as soon as practicable" after the events that gave rise to it (7 NYCRR 251-3.1 [a]) which, as in this matter, may be the date that the investigation is concluded so that it is not compromised by the premature filing of disciplinary charges (*see Matter of Kayshawn v Selsky,* 277 AD2d 611, 612). Petitioner's remaining contentions and assertions of procedural error have been reviewed and found to be without merit.

Crew III, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of stealing; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondent for redetermination of the penalties imposed on the remaining violations; and, as so modified, confirmed.