■ In the Matter of JEWEL PRESLEY, Appellant, v DAVID MILLER, as Superintendent of Eastern Correctional Facility, Respondent. [760 NYS2d 692] —Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered April 23, 2002 in Ulster County, which partially dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review three determinations of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Pursuant to three separate misbehavior reports, petitioner was found guilty of possession of money, possessing a controlled substance, smuggling, possession of a contraband and making a false statement. Following unsuccessful administrative appeals, petitioner commenced this CPLR article 78 proceeding challenging the determinations of guilt. Supreme Court granted the petition to the extent of reversing the finding of guilt as to the second misbehavior report containing the smuggling charge* and dismissing the remainder of the petition. This appeal ensued.

Although petitioner pleaded guilty to all charges, he asserts that the remaining two misbehavior reports were not issued in a timely manner. A misbehavior report must be written "as soon as practicable" after the events that give rise to it (7 NYCRR 251-3.1 [a]). The record establishes that the first misbehavior report, charging petitioner with unauthorized possession of money and unauthorized possession of a controlled substance stemming from the discovery of such items in a locker bearing the name of a correction officer, was issued at the conclusion of an ongoing investigation (*see Matter of Schultz v Goord*, 301 AD2d 764 [2003]). Furthermore, we find no basis for a timeliness challenge to the remaining misbehavior report charging possession of contraband and making a false statement inasmuch as it was written upon the discovery of manufacturer-inserted steel shanks in petitioner's boots and petitioner's false statement that he received the boots through the packing room. Petitioner's remaining contentions, having not been raised at the hearing or upon administrative appeal, are not preserved for our review (*see Matter of Prout v Hurburt*, 267 AD2d 691 [1999]).

---

* The smuggling charge has now been reversed and expunged from petitioner's institutional record in accordance with Supreme Court's decision.

Cardona, P.J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.