■ In the Matter of THEODORE SIMPSON, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services,

Respondent. [764 NYS2d 368] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting attempted smuggling and conspiring to introduce controlled substances into a facility. The investigating officer's testimony at the tier III disciplinary hearing, as well as the misbehavior report, established that petitioner's wife was arrested at the facility after heroin was found in her possession. Upon questioning, she stated that petitioner had solicited her to bring him drugs on several occasions and that, on the day in question, he arranged for her to smuggle heroin into the facility. This evidence, coupled with the positive drug test results, was sufficient to constitute substantial evidence of petitioner's guilt (*see Matter of Almonte v Goord*, 295 AD2d 715 [2002]; *Matter of Ruiz v Goord*, 289 AD2d 810, 810 [2001]).

We are unpersuaded by petitioner's contention that the determination is invalidated because the Hearing Officer relied on information from a confidential informant, whose report prompted the apprehension of petitioner's wife, without first making an independent assessment of the informant's credibility. While the Hearing Officer did not conduct a personal interview with the informant, he was able to make an independent credibility assessment from the detailed in camera testimony of the investigating officer (*see Matter of Burgess v Goord*, 295 AD2d 722, 723 [2002]; *Matter of Green v Goord*, 287 AD2d 828, 829 [2001]). As to petitioner's contention that the Hearing Officer erred in failing to assess the credibility of his wife, this requirement applies only to confidential informants (*see Matter of Ortiz v Goord*, 298 AD2d 736, 737 [2002]).

Finally, we reject petitioner's contention that the determination of guilt resulted from hearing officer bias. Our review of the record demonstrates "that the hearing was conducted in a fair and impartial manner, with no indication that its outcome flowed from anything other than the substantial evidence of petitioner's guilt" (*Matter of Antonucci v David*, 306 AD2d 654, 654 [2003]). Petitioner's remaining contentions, including that his procedural rights were violated at his disciplinary hearing, have been examined and found to be without merit.

Crew III, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.