■ In the Matter of ROBERT HOWARD, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [774 NYS2d 445]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County), to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III hearing, petitioner was found guilty of violating prison disciplinary rules prohibiting solicitation and conspiracy to introduce narcotics into a correctional facility. The charges arose out of an investigation concerning petitioner's nephew smuggling drugs into the facility to petitioner. The determination is supported by substantial evidence as provided by the nephew's letters to petitioner identifying inmates who had made payments to the nephew, the prearranged meeting between petitioner and his nephew, the heroin in the nephew's possession just prior to the prearranged meeting, and the nephew's statement against his penal interest admitting that he brought the heroin into the facility to deliver it to petitioner at petitioner's direction (*see Matter of Simpson v Goord*, 308 AD2d

641, 642 [2003]; *Matter of Lopez v Goord,* 306 AD2d 715, 715 [2003]).

We reject petitioner's argument that the Hearing Officer failed to properly evaluate the confidential information provided. Our review of the record reveals that the Hearing Officer expended considerable efforts in making the required independent assessment as to this information's reliability and credibility (*see Matter of Simpson v Goord, supra* at 642; *Matter of Colon v Goord,* 245 AD2d 582, 584 [1997]). Petitioner's claims that the payments his nephew received from other inmates were merely donations to help the nephew's traveling basketball team and the suspicious references in the correspondence addressed an unrelated legal matter with which his nephew was assisting presented credibility issues which the Hearing Officer was free to resolve against petitioner (*see Matter of Lopez v Goord, supra* at 715). Petitioner's other arguments have been examined and found to be without merit.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.