■ In the Matter of ROBERT WOOLEY, Appellant, v DAVID L. MILLER, as Superintendent of Eastern Correctional Facility, Respondent. [786 NYS2d 591]—

Appeal from a judgment of the Supreme Court (Spargo, J.), entered September 22, 2003 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

According to a misbehavior report, petitioner barged into the correction officers' station in an agitated manner, pointing at the inmate cell block board, complaining that a fellow inmate needed medical assistance. Although petitioner obeyed an order to leave the office, he continued to be agitated and complained about a fellow inmate's need for medical help. Thereafter, petitioner was charged in a misbehavior report with being out of place. Following a tier II disciplinary hearing, petitioner was found guilty. The determination was upheld on administrative appeal and petitioner commenced this CPLR article 78 proceeding. Supreme Court granted respondent's subsequent motion to dismiss the petition and this appeal ensued.

We affirm. A review of the record establishes that at the disciplinary hearing petitioner failed to raise either the defense of entrapment or that he lacked notice that the correction officers' station was a restricted area. These issues are, therefore, unpreserved for our review (see Matter of Cameron v Goord, 10 AD3d 795 [2004]; Matter of Encarnacion v Goord, 8 AD3d 850 [2004]). To the extent that petitioner maintains that the reason for his being out of place (that he was procuring medical help for a fellow inmate) should have mitigated his conduct, the record reflects that such factor was considered in the imposition of the penalty.

Cardona, P.J., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.