■ In the Matter of TIMOTHY REED, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [790 NYS2d 770]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with, among other things, violating the prison disciplinary rules that prohibit solicitation, possession of unauthorized identification and attempting to smuggle items into a correctional facility. Following a tier III disciplinary hearing, petitioner was found guilty of the various charges and a penalty was imposed. Upon administrative appeal, petitioner's penalty was modified, and he thereafter commenced this proceeding pursuant to CPLR article 78 seeking to annul the underlying determination of guilt.

Initially, inasmuch as the misbehavior report was issued following the conclusion of an ongoing investigation into petitioner's activities, we are unpersuaded by petitioner's contention that the misbehavior report was not issued in a timely fashion (*see Matter of Presley v Miller*, 306 AD2d 707 [2003]). To the extent that petitioner claims that this misbehavior report is duplicative of one he received a week earlier, a review of the hearing transcript reveals that the two misbehavior reports indeed arose from separate incidents.

Turning to the merits, we find that the underlying misbehavior report, the testimony adduced at the disciplinary hearing and the letters authored by petitioner constitute substantial evidence of petitioner's guilt as to each of the charged violations. Although petitioner contends that the suspect language used in the letters amounted to nothing more than slang, nicknames or terms of endearment, this assertion raised a credibility issue for the Hearing Officer to resolve (*see Matter of Howard v Selsky*, 6

AD3d 832, 833 [2004]). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Crew III, J.P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.