■ In the Matter of PATRICK HAYES, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [807 NYS2d 736]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

During a monitored telephone conversation, petitioner instructed his wife to bring drugs into the correctional facility during a planned visit and also had her make a three-way call. When petitioner's wife was confronted by correction officials during her visit, she voluntarily surrendered two balloons that she had concealed in her genital area and was arrested on various charges. The contents of the balloons tested positive for cocaine and marihuana. Petitioner was subsequently charged in a misbehavior report with conspiring to introduce drugs into the facility, smuggling and making a third-party telephone call. He was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the transcript of the monitored telephone conversation and documentary evidence, provide substantial evidence supporting the determination of guilt (*see Matter of Cooper v Selsky,* 9 AD3d 763, 764 [2004]; *Matter of Taylor v Poole,* 297 AD2d 866, 866 [2002]). Petitioner's assertion that he had nothing to do with smuggling drugs into the facility presented a credibility issue for the hearing officer to resolve (*see Matter of Gee v Goord,* 21 AD3d 636, 637 [2005]). Moreover, while petitioner objected to the Deputy Superintendent acting as the hearing officer, the Deputy Superintendent explained that he was not involved in the investigation and that his only knowledge of the incident was that a visitor had been arrested. We reject petitioner's argument that the hearing officer was biased or that the determination flowed from any alleged bias (*see Matter of Harris v Selsky,* 15 AD3d 708, 709 [2005]). Petitioner's remaining contentions have not been preserved for our review.

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.