In the Matter of PAUL TARANTOLA, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [821 NYS2d 299]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

A misbehavior report charged petitioner with possession of an altered item, drug possession, smuggling, forgery and violating facility correspondence procedures. The charges arose after an investigation revealed that petitioner was involved in a scheme to smuggle contraband into the special housing unit by falsifying the return addresses on six envelopes which purported to be authorized facility mail so as to direct them to other inmates. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and testimony of the authoring correction officer provide substantial evidence to support the determination of guilt (*see Matter of Santana v Selsky*, 23 AD3d 722, 723 [2005]). Petitioner's denial of the charges raised a credibility issue which the Hearing Officer could reasonably resolve against him given his admission that an envelope of similar nature was found under his mattress (*see Matter of Hayes v Goord*, 26 AD3d 550, 551 [2006]; *Matter of Wright v Goord*, 19 AD3d 855, 855 [2005], *lv denied* 5 NY3d 711 [2005]).

Moreover, although a misbehavior report was issued with respect to the envelope found in petitioner's cell, the two reports were not duplicative in that they set forth different charges and were based upon separate incidents (*see Matter of Thomas v Selsky*, 23 AD3d 868, 869 [2005]; *Matter of Reed v Goord*, 16 AD3d 796, 796 [2005]). Finally, petitioner received meaningful assistance inasmuch as his employee assistant was not required to produce the requested unusual incident report, which was never issued, or the falsified letters, which no longer existed (*see Matter of Tafari v Selsky*, 308 AD2d 613, 613-614 [2003], *lv denied* 1 NY3d 503 [2003]). Petitioner's remaining claims are unpreserved for our review and, in any event, lacking in merit.

Cardona, P.J., Mercure, Crew III, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.