In the Matter of HERBERT LONG, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [821 NYS2d 488]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

A misbehavior report charged petitioner with violating the prison disciplinary rules which prohibit smuggling and conspiring to introduce drugs into the facility. The charges arose after an investigation revealed that petitioner solicited his family

members to hide narcotics in a package that would be mailed to him in prison. Following a tier III disciplinary hearing, petitioner was found guilty of the charges and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding by petitioner ensued.

The misbehavior report, together with petitioner's letters to his family members and his audiotaped telephone conversations with them referencing the delivery of "dope" to the facility, provide substantial evidence to support the determination of guilt (*see Matter of Fleming v Goord*, 28 AD3d 972, 973 [2006]; *Matter of Hayes v Goord*, 26 AD3d 550, 551 [2006]). The fact that no package containing drugs ever arrived at the facility is of no moment inasmuch as the charges against petitioner required proof only that he conspired to bring drugs into the facility by soliciting the aid of others (*see* 7 NYCRR 270.2 [B] [14] [xv]; [15] [i]; *Matter of Lyde v Goord*, 266 AD2d 615, 616 [1999]; *Matter of McGoey v Selsky*, 260 AD2d 814, 815 [1999]). Petitioner's denial of the charges created a credibility issue for the Hearing Officer to resolve (*see Matter of Hayes v Goord, supra* at 551). Moreover, given the serious nature of the offense, we do not find that the penalty imposed was so shocking to one's sense of fairness as to be excessive (*see Matter of Barakat v Goord*, 271 AD2d 776, 777 [2000]).

Petitioner's remaining claims are either unpreserved for our review or lack merit.

Mercure, J.P., Crew III, Peters, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.