In the Matter of ANDRE WALTON, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [825 NYS2d 571]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

As part of an investigation conducted by the Inspector General's Office of the Department of Correctional Services, petitioner, an inmate employed in the Corcraft Industries offices, was charged in a misbehavior report with conspiring to steal and possess credit card numbers of Corcraft customers in violation of the prison disciplinary rules. Petitioner was found guilty of the charges following a tier III disciplinary hearing and that determination was affirmed on administrative appeal. This CPLR article 78 proceeding by petitioner ensued.

The misbehavior report, the testimony of the Inspector General's investigator who authored it and the testimony of the confidential informant provide substantial evidence to support the determination of guilt (*see Matter of Butler v Coughlin*, 193 AD2d 973, 973-974 [1993], *lv denied* 82 NY2d 655 [1993]; *see also Matter of Vizcaino v Selsky*, 26 AD3d 574 [2006], *lv denied*

7 NY3d 708 [2006]). Specifically, the confidential informant, who was personally interviewed by the Hearing Officer, testified that he overheard a conversation between petitioner and another inmate in which it was agreed that petitioner would steal credit card information while at work and that, while on furlough, the other inmate would process the numbers through a dummy corporation that his family had created for that purpose. Petitioner's claim that he never agreed to such a scheme created a credibility determination for the Hearing Officer to resolve (see Matter of Long v Goord, 32 AD3d 1121, 1122 [2006]; Matter of Vasquez v Goord, 14 AD3d 903, 904 [2005]). Contrary to petitioner's assertion, it was not necessary that the evidence establish that he actually possessed stolen credit card information since "[i]nmates involved in attempts or conspiracies to violate institutional rules of conduct . . . will be punishable to the same degree as violators of such rules" (7 NYCRR 270.3 [b]).

To the extent preserved, petitioner's remaining contentions, including his claim of hearing officer bias, have been reviewed and determined to be without merit.

Cardona, P.J., Crew III, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.