In the Matter of RAFAEL HERNANDEZ, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [855 NYS2d 754]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with possessing a weapon and assaulting another inmate. The charges stemmed from an incident wherein petitioner and others attacked another inmate in the yard at the facility where they were incarcerated. A tier III disciplinary hearing ensued, at the conclusion of which the Hearing Officer found petitioner not guilty of the weapons charge and guilty of assaulting another inmate, and a penalty of 12 months in the special housing unit, a corresponding loss of privileges and a recommended loss of good time of six months was imposed. Following an unsuccessful administrative appeal, petitioner commenced this proceeding seeking to annul the underlying determination.

We confirm. Contrary to petitioner's assertion, the misbehavior report, which recites the date, time and place of the incident, as well as the identity of the victim and the other inmates involved, was sufficiently detailed to apprise petitioner of the charges against him and enable him to prepare a defense (*see Matter of Campisi v Goord*, 23 AD3d 730, 731 [2005]). Moreover, while the counselor who received the confidential information that gave rise to the misbehavior report failed to endorse it, given that the counselor testified at the hearing, we discern

no prejudice to petitioner (*see Matter of Winbush v Goord*, 6 AD3d 821, 822 [2004]).

Nor are we persuaded that the record as a whole is insufficient to support the finding that petitioner assaulted another inmate. Simply put, the misbehavior report, together with the hearing testimony and confidential information, provide substantial evidence of petitioner's guilt (*see Matter of Morillo v Goord*, 38 AD3d 947 [2007]). Equally unavailing is petitioner's assertion that the Hearing Officer failed to independently assess the confidential informant's credibility and reliability. The Hearing Officer personally interviewed the confidential informant and, the record reveals, adduced sufficient information to permit him to make the required assessment (*see id.* at 947; *see also Matter of Rympalski v Goord*, 19 AD3d 960 [2005]). Petitioner's remaining contentions, including his assertion that the penalty imposed was unduly harsh, have been examined and found to be lacking in merit.

Cardona, P.J., Spain, Carpinello, Kane and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.