■ In the Matter of RODNEY JOHNSON, Petitioner, v DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [862 NYS2d 618]—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in two misbehavior reports with violating the prison disciplinary rules that prohibit impersonation, engaging in third-party telephone calls and possessing contraband. A tier III disciplinary hearing ensued, during the course of which petitioner ultimately pleaded guilty to all charges and

a penalty was imposed. Upon administrative review, the penalty was modified to 80 days in the special housing unit with a corresponding loss of recreation, package, commissary, special events and earphone/radio privileges, together with a six-month loss of telephone privileges. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to annul the determination.

We confirm. Petitioner's guilty plea precludes any evidentiary challenge to the underlying determination (*see Matter of Tayler v Selsky*, 49 AD3d 1060 [2008]; *Matter of Figueroa v Selsky*, 49 AD3d 1059 [2008], *lv denied* 10 NY3d 714 [2008]). Similarly, petitioner's failure to raise any of his present procedural or due process claims at the disciplinary hearing renders those issues unpreserved for our review (*see Matter of Wooley v Miller*, 13 AD3d 681 [2004]; *Matter of Encarnacion v Goord*, 8 AD3d 850, 852 [2004]). As for petitioner's assertion that he was improperly removed from a certain institutional program, we need note only that such claim is more appropriately pursued in the context of the inmate grievance procedure (*see Matter of Pulliam v Waite*, 8 AD3d 841 [2004]). Petitioner's remaining contentions, including his claim that the penalty imposed was excessive, have been examined and found to be lacking in merit.

Mercure, J.P., Carpinello, Kane, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.