■ In the Matter of RAPHAEL STONE, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [878 NYS2d 507]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with assaulting an inmate, fighting, creating a disturbance, engaging in violent conduct and possessing a weapon after he allegedly cut another inmate with a can lid. Petitioner pleaded guilty to fighting and, following a tier III disciplinary hearing, was found guilty of the remaining charges and a penalty was imposed. That decision was affirmed upon petitioner's administrative appeal, prompting him to commence this CPLR article 78 proceeding to challenge the determination of guilt.

Preliminarily, petitioner pleaded guilty to fighting and is therefore precluded from challenging the evidence supporting the determination to that extent (*see Matter of Wilson v Dubray*, 54 AD3d 1089, 1090 [2008]; *Matter of Thorpe v Fischer*, 53 AD3d 1003, 1004 [2008]). As to the remaining charges, the misbehavior report, together with the testimony provided by the authoring correction officer and the inmate whom petitioner assaulted, provide substantial evidence of petitioner's guilt (*see Matter of Ponder v Fischer*, 54 AD3d 1094, 1095 [2008]; *Matter of Wilson v Dubray*, 54 AD3d at 1090). Although no weapon was recovered, the victim testified that petitioner cut him with a can lid and the injuries to both petitioner and the victim were consistent with that type of weapon (*see Matter of Brown v Goord*, 286 AD2d 843, 844 [2001]). To the extent that petitioner denied the charges and contended that he acted in self-defense, his assertions presented a credibility issue for the Hearing Officer to resolve (*see Matter of Dancy v Goord*, 58 AD3d 922, 923 [2009]; *Matter of Brooks v Goord*, 26 AD3d 572, 573 [2006]). Petitioner's remaining contentions, including his claim that the Hearing Officer failed to assess the credibility of certain confidential information gathered during the course of the underlying investigation, were not raised at his disciplinary hearing and, hence, are not preserved for our review (*see Matter of Johnson v Department of Correctional Servs.*, 53 AD3d 746, 747 [2008]; *Matter of Handley v Selsky*, 282 AD2d 798, 799 [2001]).

Mercure, J.P., Rose, Kane, Stein and Garry, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.