■ In the Matter of VINCENT DECASTRO, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [881 NYS2d 513]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating temporary release rules and facility correspondence procedures. A tier III disciplinary hearing ensued, at which petitioner pleaded guilty to the charges and raised an objection as to the timeliness of the misbehavior report. Petitioner was found guilty of all charges and a penalty was imposed. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding to challenge the determination of guilt.

Preliminarily, "[p]etitioner's guilty plea precludes any evidentiary challenge to the underlying determination" (*Matter of Johnson v Department of Correctional Servs.*, 53 AD3d 746, 747 [2008]; *see Matter of Wilson v Dubray*, 54 AD3d 1089, 1090 [2008]). As for the timeliness of the misbehavior report, the relevant regulation requires only that the report be written " 'as soon as practicable' after the events that g[a]ve rise to it" (*Matter of Presley v Miller*, 306 AD2d 707, 707 [2003], quoting 7 NYCRR 251-3.1 [a]). Here, although the misbehavior report indeed was written approximately 40 days after the underlying event, petitioner's own testimony demonstrates that the report was issued only one week after he was interviewed by a correction sergeant regarding this incident and provided a written statement in conjunction therewith. Inasmuch as the report was issued at the conclusion of an ongoing investigation into petitioner's conduct, we reject his claim that it was not tendered in a timely manner (*see Matter of Reed v Goord*, 16 AD3d 796 [2005]; *Matter of Presley v Miller, supra*; *Matter of Schultz v Goord*, 301 AD2d 764, 764-765 [2003]). Finally, to the extent that petitioner challenges his apparent removal from a temporary release program, we need note only that such decision was the product of a separate administrative determination that is not before this Court for review (*see Matter of Brown v Goord*, 290 AD2d 901, 902 [2002]; *see also Matter of Johnson v Department of Correctional Servs.*, 53 AD3d at 747).

Mercure, J.P., Lahtinen, Kane, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.