■ In the Matter of REMUS SMITH, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [882 NYS2d 770]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

As the result of an investigation in which information was obtained from confidential sources, correction officials learned that petitioner and two other inmates had planned a revolt to take place in the facility's mosque during religious services and had also threatened another inmate who openly opposed their plan. As a result, petitioner was charged in a misbehavior report with planning a demonstration, making threats and rioting. He was found guilty of these charges following a tier III disciplinary hearing and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, the testimony of its author and the confidential information considered by the Hear-

ing Officer in camera provide substantial evidence supporting the determination of guilt (*see Matter of Walton v Selsky*, 35 AD3d 923, 923 [2006]; *Matter of Berry v Goord*, 13 AD3d 947, 947 [2004]). Contrary to petitioner's claim, our review of the record reveals that the Hearing Officer undertook a thorough and independent assessment of the reliability of the confidential informant through a personal interview with him (*see Matter of Hernandez v Selsky*, 50 AD3d 1340, 1341 [2008]) as well as interviews with correction officials to whom he provided information (*see Matter of Staton v Goord*, 41 AD3d 1105, 1106 [2007]). Although the inmates and the correction officers who testified as witnesses at the hearing denied overhearing petitioner planning a revolt or threatening another inmate, and petitioner also denied any such wrongdoing, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Perez v Dubray*, 55 AD3d 1119 [2008]; *Matter of Peana v Fischer*, 54 AD3d 1126, 1127 [2008]). Petitioner's claims that the hearing was not timely completed and that the Hearing Officer was biased are not preserved for our review given his failure to raise them at the hearing (*see Matter of Soto-Rodriguez v Goord*, 252 AD2d 782, 783 [1998]). Petitioner's remaining contentions, to the extent that they are properly before us, are unavailing.

Peters, J.P., Lahtinen, Kavanagh, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.