■ In the Matter of ROBERT THACKER, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [890 NYS2d 711]—

Following the monitoring of petitioner's telephone calls, he was charged in a misbehavior report with conspiring to introduce drugs into the prison and smuggling. A tier III disciplinary hearing resulted in a determination of his guilt, which was upheld upon administrative appeal. Petitioner, thereafter, commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, hearing testimony, tape recording and transcript of petitioner's telephone call, as well as the confidential testimony considered by the Hearing Officer, support the determination that petitioner solicited his girlfriend to smuggle drugs into the facility (*see Matter of Moore v Fischer*, 63 AD3d 1401, 1401 [2009]; *Matter of Samuel v Fischer*, 53 AD3d 960, 960 [2008]). The fact that petitioner and his girlfriend both testified that their telephone conversation did not pertain to smuggling drugs raised a credibility issue to be resolved by the Hearing Officer (*see Matter of Hale v Selsky*, 57 AD3d 1136, 1137 [2008], *appeal dismissed* 12 NY3d 776 [2009]; *Matter of Rosario v Selsky*, 37 AD3d 921, 921 [2007]). Finally, there is no merit to petitioner's contention that the smuggling charge cannot be sustained because neither he nor his girlfriend were found with drugs, inasmuch as an attempt or conspiracy to violate an institutional rule is punishable to the same extent as an actual violation (*see* 7 NYCRR 270.3 [b]; *Matter of Florentino v Washburn*, 47 AD3d 1169, 1170 [2008]; *Matter of Walton v Selsky*, 35 AD3d 923, 924 [2006]).

We have examined petitioner's remaining contentions and find them to be without merit.

Cardona, P.J., Mercure, Rose, Kane and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.