██ In the Matter of JOSE VARGAS, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [892 NYS2d 662]—

Following his transfer to Shawangunk Correctional Facility in Ulster County, a search of petitioner's sealed property bags revealed a metal shank secreted in the sole of a shower shoe and, as a result, he was served with a misbehavior report charging him with smuggling and possession of a weapon. After a tier III disciplinary hearing, petitioner was found guilty on both charges. His administrative appeal was unsuccessful, after which petitioner commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, testimony of the correction officer who authored the report, pictures of the alleged weapon and inspection of the property bags provide substantial evidence to support the determination of petitioner's guilt (*see Matter of Jackson v Dubray*, 56 AD3d 919 [2008]; *Matter of Otero v Fischer*, 54 AD3d 1082 [2008]). Although the personal property form did not list shower shoes as being among the property transferred from petitioner's previous facility, the form did indicate three pairs of sandals were packed. Furthermore, the correction officer testified that he unsealed and unpacked the property bags in petitioner's presence, and an inspection of the bags showed that there were no holes through which additional items could have been added in transit. To the extent that petitioner denied the shower shoes were his property, that presented a credibility issue for the Hearing Officer to resolve (*see Matter of Griffin v Selsky*, 60 AD3d 1247, 1248 [2009]; *Matter of Hall v Selsky*, 52 AD3d 1078 [2008]).

As for petitioner's claim that his rights were violated because he did not receive a Spanish-speaking assistant, we note that he never requested such, either at the hearing or on his inmate assistance form. The assistance form, notably, informs inmates of their right to assistance in both English and Spanish and petitioner completed the English portion of the form. In any event, petitioner was provided with all of the materials that he requested prior to the hearing, including directives, reports, memos and his property transfer sheet, and he was provided a photocopy of the weapon at the hearing itself. In addition, the Hearing Officer acquired videotapes and property bags that were requested by petitioner during the hearing and, as such, he has failed to show any prejudice as a result of the purported inadequacies of his assistance (*see Matter of Liner v Fischer*, 56 AD3d 1088, 1088 [2008], *lv denied* 12 NY3d 703 [2009]; *Matter of Davis v Goord*, 46 AD3d 955, 956-957 [2007], *lv dismissed* 10 NY3d 821 [2008]).

Mercure, J.P., Spain, Lahtinen, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.