■ In the Matter of CORDOZA NORRIS, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [897 NYS2d 534]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

On December 6, 2008, petitioner refused a directive given by a female correction officer to wear his shirt and then became verbally abusive toward her. Prior to this incident, in August and October 2008, petitioner repeatedly stared at the officer in a suggestive manner and made lewd gestures, notwithstanding the officer's instructions to stop this behavior. On December 9, 2008, the officer was informed that petitioner had made a derogatory comment about her, which she reported to a sergeant. An investigation ensued and petitioner was placed in keeplock. Through the investigation, it was revealed that petitioner told other inmates that he intended to fabricate stories about the officer for the purpose of having her fired in the event that she was responsible for his confinement. As a result of the foregoing, petitioner was charged in a misbehavior report with stalking, engaging in threatening behavior and harassment. He was found guilty of the charges following a tier III disciplinary hearing and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. Although petitioner contends that the incidents that occurred in August and October 2008 were not reduced to misbehavior reports "as soon as practicable" as prescribed by the applicable regulation (7 NYCRR 251-3.1 [a]), we find that their inclusion in a later misbehavior report was timely, given that there had been an ongoing investigation of his conduct and the report was promptly filed upon its completion (see *Matter of Decastro v Prack*, 62 AD3d 1224, 1225 [2009]; *Matter of Schultz v Goord*, 301 AD2d 764, 765 [2003]). The misbehavior report, together with the hearing testimony and the evidence considered by the Hearing Officer in camera, provide substantial evidence supporting the determination of guilt (see *Matter of Nova v Selsky*, 54 AD3d 453, 454 [2008]; *Matter of Harris v Selsky*, 9 AD3d 695, 695 [2004]). Contrary to petitioner's claim, the record discloses that the Hearing Officer made the proper inquiry of the correction sergeant who received the confidential information such as to verify the reliability and credibility of the confidential informants (see *Matter of Farrow v Prack*, 57 AD3d 1065, 1065 [2008], *lv denied* 12 NY3d 704 [2009]; *Matter of Catlin v Gouverneur Correctional Facility*, 38 AD3d 1025, 1026 [2007]). The conflicting testimony of petitioner and his inmate witnesses presented a credibility issue for the Hearing Officer to resolve

(*see Matter of Griffith v Selsky*, 53 AD3d 884 [2008]). Furthermore, there is no indication that the Hearing Officer was biased or that the determination at issue flowed from any alleged bias (*see Matter of Kirby v Leclaire*, 47 AD3d 1174, 1175 [2008]). Petitioner's remaining contentions, to the extent that they have been preserved for our review, have been examined and found to be lacking in merit.

Cardona, P.J., Spain, Rose, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.