■ In the Matter of Florio Valentino, Petitioner, v Norman R. Bezio, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [901 NYS2d 726]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was served with a misbehavior report charging him with making threats, creating a disturbance, refusing a direct order and interfering with an employee after he allegedly refused to comply with a correction officer's order to move a computer out of the back room of the facility's law library. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. On administrative appeal, the charge that petitioner had made threats was dismissed and the determination was otherwise affirmed. Petitioner now appeals and we modify.

Initially, respondent concedes and we agree that, upon a review of the record, that part of the determination finding petitioner guilty of interfering with an employee is not supported by substantial evidence and must be annulled (*see Matter of Quinones v Fischer*, 55 AD3d 1200, 1200 [2008]). Turning to the remaining charges, the detailed misbehavior report, along

with the testimony of the correction officer who authored the report, provide substantial evidence to support the determination of guilt (*see Matter of Vargas v Selsky*, 69 AD3d 1078, 1078 [2010]; *Matter of Smith v Fischer*, 64 AD3d 1061, 1061-1062 [2009], *lv denied* 13 NY3d 712 [2009]). The fact that petitioner and his inmate witness offered a different version of events, and the correction officer's testimony at times appeared internally inconsistent, raised issues of credibility to be decided by the Hearing Officer (*see Matter of Pellot v Fischer*, 67 AD3d 1231 [2009]; *Matter of Hale v Selsky*, 57 AD3d 1136, 1137 [2008], *appeal dismissed* 12 NY3d 776 [2009]). Finally, the misbehavior report did not violate the regulation that requires it be written "as soon as practicable," as the record demonstrates that the incident occurred shortly before the correction officer left for vacation and the report was written on the day he returned to the facility and discussed the incident with his supervisor (*see* 7 NYCRR 251-3.1 [a]; *Matter of Decastro v Prack*, 62 AD3d 1224, 1225 [2009]; *Matter of Schultz v Goord*, 301 AD2d 764, 764-765 [2003]).

Mercure, J.P., Rose, Kavanagh, Garry and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of interfering with an employee; petition granted to that extent and the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.