■ In the Matter of ERIC WILLIAMS, Petitioner, v BRIAN FISCH-ER, as Commissioner of Correctional Services, Respondent. [910 NYS2d 390]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After correction officers received confidential information that petitioner was executing an escape plan to tunnel his way out of Clinton Correctional Facility in Clinton County, an investigation revealed a box in the yard containing a false bottom, digging implements and a bag filled with dirt, and, underneath the box, a four-inch-deep hole covered with flat pav-

ing rocks. As a result, petitioner was served with a misbehavior report charging him with attempted escape and creating a disturbance. He was found guilty of both charges following a tier III disciplinary hearing and, following an unsuccessful administrative challenge, petitioner commenced this CPLR article 78 proceeding.

We confirm. To the extent that petitioner challenges the basis for the finding of guilt, the misbehavior report, the photographs and the testimony and confidential memorandum from the correction officer who investigated the incident and authored the report provide substantial evidence to support the determination (*see Matter of Vargas v Selsky*, 69 AD3d 1078, 1078 [2010]; *Matter of Otero v Fischer*, 54 AD3d 1082 [2008]). Contrary to petitioner's contention, it was not necessary for the Hearing Officer to personally interview the confidential informant because the officer who conducted the investigation provided sufficient information for the Hearing Officer to make an independent assessment of the informant's credibility (*see Matter of Norris v Fischer*, 71 AD3d 1211, 1212 [2010]; *Matter of Profitt v Goord*, 34 AD3d 1136, 1137 [2006]). Further, while it appears that part of the transcript was erased due to operator error, we find that the minor gap does not prevent meaningful judicial review (*see Matter of Sanders v Haggett*, 72 AD3d 1372, 1373 [2010]; *Matter of Abreu v Bezio*, 71 AD3d 1341, 1342 [2010], *appeal dismissed* 15 NY3d 836 [2010]). Finally, our review of the record demonstrates that the determination of guilt was based upon the evidence presented at the hearing, rather than any alleged hearing officer bias (*see Matter of Key v Fischer*, 72 AD3d 1365, 1366 [2010]).

We have examined petitioner's remaining contentions and find them to be without merit.

Cardona, P.J., Rose, Lahtinen, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.