Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
As the result of an investigation in which confidential information was received, correction officials learned that petitioner and another inmate had conspired with the inmate’s wife and petitioner’s girlfriend to bring synthetic marihuana into the correctional facility during visitation. As a consequence, petitioner was charged in a misbehavior report with smuggling, conspiring to possess drugs, violating telephone procedures and violating facility visitation procedures. He was found guilty of the charges following a tier III disciplinary hearing. The determination was subsequently affirmed on administrative appeal and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, together with the testimony of its author and the confidential information considered by the Hearing Officer in camera, provide substantial evidence supporting the determination of guilt (see Matter of Sessoms v Commissioner of Correctional Servs., 63 AD3d 1400, 1400 [2009]; Matter of Hicks v Goord, 35 AD3d 1000, 1000-1001 [2006], lv denied 8 NY3d 806 [2007]). Petitioner’s denial of any misconduct presented a credibility issue for the Hearing Officer to resolve (see Matter of Monje v Geoghegan, 108 AD3d 957, 957 [2013]; Matter of McFarlane v Fischer, 65 AD3d 769, 771 [2009]). Moreover, his claim that the Hearing Officer failed to independently assess the credibility of the confidential information relied upon is unpreserved for our review due to his failure to raise it either at the hearing or in his administrative appeal (see Matter of Stone v Fischer, 62 AD3d 1064, 1065 [2009]; Matter of Robinson v Phillips, 285 AD2d 779, 780 [2001]). Furthermore, we find no merit to his assertion that his due process rights were violated because he did not receive a copy of the audiotape of the hearing, given that inmates do not have a constitutional right to such recordings (see Matter of Madden v Griffin, 109 AD3d 1060, 1061 [2013], lv denied 22 NY3d 860 [2014]; Matter of Holmes v Fischer, 66 AD3d 1093, 1094 [2009]). In view of the foregoing, we find no reason to disturb the determination of guilt.
McCarthy, J.R, Garry, Rose and Egan Jr., JJ., concur. Adjudged *986 that the determination is confirmed, without costs, and petition dismissed.