*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 7, 2014            517574
_____

In the Matter of SAURIO
    RODRIGUEZ,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

BRIAN FISCHER, as Commissioner
    of Corrections and Community
    Supervision,
                    Respondent.
_____

Calendar Date:  June 9, 2014

Before:  Peters, P.J., Lahtinen, McCarthy, Rose and Lynch, JJ.

—————————

        Saurio Rodriguez, Attica, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

—————————

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

        During a search of petitioner's cell, a correction officer found a letter to petitioner requesting that he contact another inmate's mother to set up a drug transaction.  Upon being interviewed, petitioner confirmed that the letter was about smuggling drugs into the correctional facility.  Consequently, petitioner was charged in a misbehavior report with engaging in an unauthorized exchange, possessing drugs, smuggling, exchanging personal identification numbers and violating facility correspondence procedures.  Petitioner was found guilty of the

charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, confiscated letter and testimony adduced at the hearing provide substantial evidence supporting the determination of guilt (see Matter of Moore v Fischer, 63 AD3d 1401, 1401 [2009]; Matter of Reed v Goord, 16 AD3d 796, 796 [2005]). Petitioner's denial of the charges presented a credibility issue for the Hearing Officer to resolve (see Matter of Jones v Prack, 114 AD3d 985, 985 [2014]; Matter of Ferrer v Prack, 107 AD3d 1254 [2013]). Furthermore, even though no drugs were actually recovered, a violation of the rules occurred when petitioner conspired to smuggle drugs into the facility (see 7 NYCRR 270.3 [b] [2]; Matter of Booker v Fischer, 102 AD3d 1045, 1046 [2013]; Matter of Brown v Fischer, 98 AD3d 778, 779 [2012]). In view of the foregoing, and given that petitioner's remaining contentions have not been preserved for our review, we find no reason to disturb the determination of guilt.

Peters, P.J., Lahtinen, McCarthy, Rose and Lynch, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court