# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  September 15, 2016                522445
_____

In the Matter of GARY BOWEN,
                         Petitioner,

     v                                      MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                         Respondent.
_____

Calendar Date:  August 8, 2016

Before:  Peters, P.J., Egan Jr., Devine, Mulvey and Aarons, JJ.

                         _____


        Gary Bowen, Romulus, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Frank Brady
of counsel), for respondent.

                         _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        Following an investigation finding that petitioner and
several other inmates — all members of the Bloods gang —
conspired to promote violent conduct against certain staff
members, petitioner was charged in a misbehavior report with gang
activity, making threats, assault on staff, violent conduct and
action detrimental to the facility.  He was found guilty of all
charges after a tier III disciplinary hearing.  On administrative
appeal, the assault and threats charges were dismissed, and the
penalty as to the remaining three charges was reduced.
Petitioner then commenced this CPLR article 78 proceeding.

We confirm.  The misbehavior report, the testimony of the correction officer who participated in the investigation and prepared the report and the confidential information considered by the Hearing Officer provided substantial evidence to support petitioner's guilt (see Matter of Baez v Bellnier, 131 AD3d 771, 771 [2015]; Matter of Smith v Fischer, 64 AD3d 1061, 1061-1062 [2009], lv denied 13 NY3d 712 [2009]).  The confidential information was detailed, included multiple independent sources and revealed valid reasons for finding the information reliable (see Matter of Williams v Fischer, 18 NY3d 888, 890 [2012]; Matter of Grate v Annucci, 122 AD3d 1053, 1054 [2014]).  The Hearing Officer made proper inquiry of the correction officer who participated in the investigation of the incident to verify the reliability and credibility of the confidential informants (see Matter of Norris v Fischer, 71 AD3d 1211, 1212 [2010]; Matter of Farrow v Prack, 57 AD3d 1065, 1065 [2008], lv denied 12 NY3d 704 [2009]) and, under such circumstances, it was not necessary for the Hearing Officer to personally interview the confidential informants (see Matter of Spencer v Annucci, 122 AD3d 1043, 1044 [2014]; Matter of Williams v Fischer, 78 AD3d 1353, 1354 [2010], lv denied 16 NY3d 706 [2011]).  Although petitioner's witnesses denied gang membership or the existence of the alleged conspiracy, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Zimmerman v Annucci, 139 AD3d 1205, 1206 [2016]; Matter of Norris v Fischer, 71 AD3d at 1212-1213).

Contrary to petitioner's contention, the administrative reversal of two of the charges does not provide a ground for reversing the remaining three charges as repugnant.  The reasons for the reversal are not set forth in the record, and the dispositive inquiry is whether the remaining three charges are supported by substantial evidence (see e.g. People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]), which they are.  Petitioner's further arguments have been considered and are without merit.

-3-                              522445

Peters, P.J., Egan Jr., Devine, Mulvey and Aarons, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court