■ In the Matter of JAMES CHADWICK, Petitioner, v NYS-DOCCS WASHINGTON CORRECTIONAL FACILITY SUPERINTENDENT, Respondent. [50 NYS3d 188]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

During the course of an investigation, correction officials received confidential information indicating that petitioner was

involved in a conspiracy to sell drugs in the correctional facility. Specifically, the information revealed that another inmate made arrangements to have drugs brought into the facility from an outside source and that petitioner distributed the drugs within the facility, sometimes having a third inmate take possession of them until he was ready to make a sale. Petitioner was charged in a misbehavior report with smuggling and conspiring to possess drugs after correction officials found a quantity of suboxone and heroin in the locker of the third inmate. Petitioner was found guilty of the charges at the conclusion of a tier III disciplinary hearing and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of its author and the confidential information considered by the Hearing Officer in camera, provide substantial evidence supporting the determination of guilt (*see Matter of Best v Larkin*, 116 AD3d 1306, 1307 [2014]; *Matter of Jones v Prack*, 114 AD3d 985, 985 [2014]). Although petitioner denied participating in any plan to bring drugs into the facility, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Zimmerman v Annucci*, 139 AD3d 1205, 1206 [2016]; *Matter of Harrison v Fischer*, 104 AD3d 1032, 1032 [2013]). His claim that the Hearing Officer did not independently assess the reliability of the confidential information has not been preserved for our review due to petitioner's failure to raise it either at the hearing or in his administrative appeal (*see Matter of Jones v Prack*, 114 AD3d at 985). Therefore, we find no reason to disturb the determination of guilt.

McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.