■ In the Matter of JAMES McGOEY, Petitioner, v DONALD SELSKY, as Director, Special Housing/Inmate Disciplinary Program, New York State Department of Correctional Services, Respondent. [689 NYS2d 253] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, was charged with violating prison disciplinary rules which prohibit the sale or possession of a

controlled substance, smuggling, solicitation and abuse of telephone privileges. The charges arose as a result of facility monitoring of a telephone call which disclosed petitioner's alleged participation in a scheme to purchase heroin and have it smuggled into the facility. After a tier III hearing, petitioner was found guilty of all charges. Petitioner's administrative appeal was denied resulting in this CPLR article 78 proceeding, which Supreme Court transferred to this Court pursuant to CPLR 7804 (g).

Initially, respondent concedes that the charges of abuse of telephone privileges and solicitation were improperly brought under the circumstances of this case and, therefore, those charges should be dismissed with remittal to respondent for redetermination of the penalty. In view of this, we need not address arguments relating to those charges or the penalty and shall modify the determination accordingly.

Turning to the remaining charges, the record contains evidence, including the transcript of a taped telephone conversation, from which respondent could rationally conclude that petitioner sent $140 to the sister of a fellow inmate which she would use to purchase drugs to bring into the facility. The evidence also supports the conclusion that the transaction was not completed because the inmate's sister became concerned about being caught when she discovered that a letter from her brother had been opened prior to delivery. Although the taped conversation contained no specific reference to drugs, the inference that the transaction involved drugs is reasonable and, therefore, there is substantial evidence to support the finding of petitioner's guilt (*see generally, Matter of Spencer v Goord*, 245 AD2d 827, *lv denied* 91 NY2d 811; *Matter of Rogers v Mitchell*, 194 AD2d 1059, *lv denied* 82 NY2d 658). Petitioner's claim that the transaction involved the purchase of a package of food to be delivered to petitioner's physically handicapped father created a factual issue which the Hearing Officer was free to resolve against petitioner (*see, Matter of Alvarez v Coombe*, 239 AD2d 810, 811).

In addition, we find no merit to petitioner's claims that he cannot be found guilty of violating the rule which prohibits sale of a controlled substance because there is no evidence of a completed sale and the rule does not expressly prohibit an attempt to sell. The rule includes possession as prohibited conduct (*see, Matter of Jackson v Lacy*, 202 AD2d 931; *see also*, 7 NYCRR 270.2 [B] [14] [former (iii)]). An attempt to possess a controlled substance is punishable to the same extent as the completed offense (*see, Matter of Rodriguez v Goord*, 251 AD2d

737). The record supports the finding that petitioner attempted to purchase and possess a controlled substance.

Furthermore, although the misbehavior report did not identify the date of the telephone call that provided the basis for the charges, the report was sufficiently specific to enable petitioner to prepare a defense (*see, Matter of Rodriguez v Selsky*, 252 AD2d 689) and petitioner failed to demonstrate any prejudice from the alleged defect (*see, e.g., Matter of Alamin v New York State Dept. of Correctional Servs.*, 252 AD2d 824). With regard to the Hearing Officer's reliance on the confidential information, including a portion of the tape of the telephone call, petitioner was told that revealing the information could jeopardize the safety and security of staff or individuals (*see, Matter of Feneque v Selsky*, 188 AD2d 819, 820). The Hearing Officer independently determined, upon his review of the confidential information, that it was the product of a reliable and credible source (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 119). Our review of the record provides no basis to disturb that assessment. Contrary to petitioner's claim, the determination contains a sufficient statement of the evidence relied upon by the Hearing Officer, including an explanation that the confidential information corroborated petitioner's involvement in the attempt to purchase drugs and smuggle them into the facility. Petitioner's remaining contentions have been considered and are lacking in merit.

Crew III, Yesawich Jr., Spain and Graffeo, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of abuse of telephone privileges and solicitation; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondent for redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.