■ In the Matter of DUVEREH DELGADO, Petitioner, v DANIEL HURLBURT, as Correction Officer, et al., Respondents. [718 NYS2d 473] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

In May 1999, during a suspicion-based search of petitioner's cell, a correction officer discovered several pieces of paper containing, *inter alia*, sets or groups of numbers, a numerical code representing letters of the alphabet and an address frequently used by inmates to purchase drugs. Application of the numerical code to the groups of numbers revealed a list of inmate names and corresponding dollar amounts. Following a disciplinary hearing, petitioner was found guilty of solicitation, extortion, possessing contraband, attempting to smuggle drugs and conspiracy to introduce drugs into the facility. Upon administrative appeal, the solicitation and extortion charges were dismissed and the penalty imposed modified. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78, subsequently transferred to this Court, challenging the determination of his guilt.

As a starting point, respondents concede in their brief that there is insufficient evidence to support the charge of conspiracy. Accordingly, the underlying determination is annulled to such extent and our inquiry, insofar as it relates to the issue of

substantial evidence, will be confined to the contraband and attempt to smuggle charges.*

Our review of the detailed misbehavior report, together with the testimony of the correction officer who authored it, discloses that the determination finding petitioner guilty of possessing contraband and attempting to smuggle drugs into the facility at which he was incarcerated is supported by substantial evidence. Although the documents discovered in petitioner's cell made no express reference to drugs, the Hearing Officer could reasonably infer from the evidence before him that the materials admittedly possessed by petitioner were being used in connection with an attempt to smuggle drugs into the facility (*see, Matter of McGoey v Selsky*, 260 AD2d 814, 815; *see also, Matter of Mitchell v Phillips*, 268 AD2d 633). Moreover, in view of the information contained in such materials, we find that there exists a reasonable basis upon which to conclude that petitioner was aware that such materials were not authorized and in fact constituted contraband. Petitioner's remaining contentions, to the extent that they have been properly preserved for our review, have been examined and found to be lacking in merit.

Cardona, P. J., Mercure, Peters and Rose, JJ., concur. Adjudged that the determination is modified, on the law, without costs, by annulling so much thereof as found petitioner guilty of conspiracy to introduce drugs into the correctional facility at which he was incarcerated; petition granted to said extent and respondents are directed to expunge all references thereto from petitioner's institutional record; and, as so modified, affirmed.

---

* As it appears from the record that petitioner has served his administrative penalty, the appropriate remedy with respect to the annulled charge is expungement.