■ In the Matter of ANTONIO SEARLES, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [820 NYS2d 370]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with smug-

gling and conspiracy to introduce drugs into the facility after an investigation revealed that he solicited his mother to bring marihuana to him in prison. At the conclusion of a tier III disciplinary hearing, petitioner was found guilty of both charges and a penalty was imposed. The determination was affirmed on administrative appeal but the penalty reduced, and petitioner thereafter commenced this CPLR article 78 proceeding.

Inasmuch as substantial evidence supports the determination of guilt, we confirm. Petitioner's claim that he was unaware of his mother's plan to smuggle in the drugs is unavailing. Evidence adduced at the hearing included a tape-recorded conversation between petitioner and his mother in which she promised to bring petitioner the "stuff," as well as a written statement issued by the person who attempted to make the delivery on the mother's behalf that a portion of the marihuana was intended for petitioner. Although the word "drugs" was not specifically used by petitioner or his mother, the Hearing Officer could reasonably infer, based upon the evidence in its entirety, that the transaction involved drugs (*see Matter of Delgado v Hurlburt*, 279 AD2d 734, 735 [2001]). Petitioner's argument that his conversation with his mother was in reference to food, not drugs, created a credibility issue that the Hearing Officer was entitled to resolve against him (*see Matter of McGoey v Selsky*, 260 AD2d 814, 815 [1999]).

Mercure, J.P., Spain, Carpinello, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.