■ In the Matter of JACOB WARE III, Petitioner, v P. HENDEL, as Captain at Groveland Correctional Facility, et al., Respondents. [838 NYS2d 272]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

As the result of a confidential investigation, correction officials discovered that petitioner was using the inmate telephone system to direct his girlfriend to bring drugs to the correctional facility. Consequently, he was charged in a misbehavior report with smuggling, conspiring to introduce drugs into the facility and violating inmate telephone procedures. Petitioner pleaded guilty to violating inmate telephone procedures and was found guilty of the other two charges following a tier III disciplinary hearing. The Hearing Officer imposed a penalty of 12 months in the special housing unit and loss of visitation, loss of good time for 24 months and loss of recreation, packages, commissary, telephone, clothing and permit items for 36 months. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, together with the testimony of its author, petitioner's own testimony, the telephone transcripts and the confidential information considered by the Hearing Officer in camera, provide substantial evidence supporting the determination of guilt (*see Matter of Antinuche v Goord*, 16 AD3d 743, 744 [2005]). The fact that no drugs were actually brought into the facility does not negate petitioner's guilt because the rules he was charged with violating require only that petitioner conspire with another to bring drugs into the facility (*see* 7 NYCRR 270.2 [B] [14] [xv]) or solicit another to smuggle such items into the facility (*see* 7 NYCRR 270.2 [B] [15] [i]). Petitioner's procedural challenges, including his claim that the penalty was excessive, have not been preserved for our review.

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.