■ In the Matter of SAUL GOMEZ, Petitioner, v LUCIEN LECLAIRE, as Commissioner of Correctional Services, Respondent. [862 NYS2d 633]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rules that prohibit conspiring to introduce drugs into the facility, smuggling or soliciting another to smuggle items into the facility, possessing contraband and violating facility correspondence procedures. A tier III disciplinary hearing ensued, at the conclusion of which petitioner was found guilty of all charges and a penalty of 12 months in the special housing unit, together with a 36-month loss of privileges and a recommended loss of good time of 24 months, was imposed. Following an unsuccessful administrative appeal, petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul the underlying determination.

The Attorney General concedes, and our review of the record reveals, that there is insufficient evidence to sustain the contraband charge. Accordingly, the petition is granted to that extent and, in light of the undischarged administrative penalty and the recommended loss of good time, we remit this matter to respondent for a redetermination of the penalty imposed (*see Matter of Rodriguez v Selsky*, 48 AD3d 851, 852 [2008]).

As to the remaining charges, petitioner's testimony and the related documentary evidence are sufficient to sustain the charges of smuggling and violating facility correspondence procedures. With respect to the smuggling charge, the fact that petitioner was not found to be in possession of any drugs or that no drugs actually were brought into the facility is of no moment, as the rule was violated when petitioner conspired with another to introduce drugs into the facility (*see* 7 NYCRR 270.2 [B] [14] [xv]; *Matter of Ware v Hendel*, 42 AD3d 601, 602 [2007]). Although the correspondence between petitioner and his friend made no express mention of drugs, the Hearing Officer could reasonably infer, based upon the totality of the evidence, that the underlying transaction involved drugs (*see Matter of Searles v Goord*, 32 AD3d 1075, 1076 [2006]; *Matter of McGoey v Selsky*, 260 AD2d 814, 815 [1999]). Petitioner's assertion that he was asking his friend to smuggle tattoo ink—not drugs—into the facility, as well as his varying explanations for the $400 he had received from fellow inmates or members of their families, presented credibility issues for the Hearing Officer to resolve (*see Matter of Reed v Goord*, 16 AD3d 796 [2005];

*Matter of Encarnacion v Goord*, 8 AD3d 850, 852 [2004]). Petitioner's remaining contentions, including his assertion that the penalty imposed was excessive, have been examined and found to be lacking in merit.

Mercure, J.P., Carpinello, Rose, Malone Jr. and Kavanagh, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possession of contraband and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.