■■■ In the Matter of WILLIAM RILEY, Petitioner, v BRIAN FIS-CHER, as Commissioner of Correctional Services, et al., Respondents. [871 NYS2d 475]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with assaulting staff, engaging in violent conduct, refusing a direct order and violating frisk procedures. At the conclusion of the ensuing tier III disciplinary hearing, petitioner was found guilty of all charges. The administrative affirmance of that determination prompted petitioner to commence this CPLR article 78 proceeding seeking annulment.

We initially note that Supreme Court improperly transferred the matter to this Court inasmuch as the petition does not appear to raise a question of substantial evidence (*see Matter of Burgess v Selsky*, 50 AD3d 1347, 1348 [2008]). Nevertheless, we will retain jurisdiction and address the merits of the petition in the interest of judicial economy (*see id.*).

With respect to petitioner's claim that he was deprived of adequate employee assistance, it is wholly unsubstantiated by the record (*see Matter of Martinez v Selsky*, 53 AD3d 989 [2008]). In particular, although petitioner claims that he was denied the right to call witnesses, it is clear from the record that he had the opportunity to call more witnesses at the hearing and declined. Thus, the alleged inadequacies in petitioner's proof did not flow from any incompetence of his employee assistant. Likewise, there is no record support for petitioner's assertion that the Hearing Officer was biased, nor is there any indication that the determination in issue flowed from any alleged bias (*see Matter of Purcell v McKoy*, 54 AD3d 1113, 1114 [2008]). To

the extent not specifically addressed herein, petitioner's remaining contentions have been examined and found to be unavailing.

Peters, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.