■ In the Matter of PERCY D. WEST, Petitioner, v NORMAN R. BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [884 NYS2d 270]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner became involved in a physical altercation with another inmate in the presence of approximately 17 inmates. After petitioner ignored directives to stop fighting, correction officers used force to control him, at which time he was found to be in possession of a makeshift weapon. As a result of this incident, petitioner was charged in a misbehavior report with refusing a direct order, creating a disturbance, possessing a weapon, assaulting another inmate and fighting. Petitioner was found guilty of all charges following a rehearing of a prior tier III disciplinary hearing. After the determination was affirmed on

administrative appeal, petitioner commenced this CPLR article 78 proceeding.*

Initially, petitioner contends that he was improperly denied the right to have the other inmate involved in the altercation testify at the hearing. The record discloses that although this inmate initially agreed to testify, he later refused, but did not provide a reason to the correction officer who attempted to secure his testimony. As a consequence, the Hearing Officer personally spoke with the inmate on the telephone and ascertained that the inmate did not want to testify because he feared for his safety. Nothing more was required to establish the legitimacy of the inmate's refusal under the circumstances presented and petitioner was not deprived of his right to call this witness (*see Matter of Hill v Selsky*, 19 AD3d 64, 67 [2005]; *see also Matter of Alvarez v Goord*, 30 AD3d 118, 121 [2006]).

Similarly, petitioner asserts that he was improperly denied the right to have the 17 inmates who were present during the altercation testify at the hearing. The identity of all of these inmates, however, was unknown because the original master list containing their names was no longer in existence. It was not incumbent upon either the Hearing Officer or the employee assistant to produce a document that was unavailable (*see Matter of Chavis v Goord*, 58 AD3d 954, 955 [2009]). To the extent petitioner challenges the lack of testimony from identified inmates who initially agreed to testify, the record establishes that the Hearing Officer undertook diligent efforts to obtain such testimony. In any event, after petitioner declined to participate in the hearing, those witnesses stated on the record that they did not wish to testify without petitioner being present. In view of this, and inasmuch as we find no other procedural violations, we decline to disturb the determination of guilt.

Cardona, P.J., Mercure, Rose, Lahtinen and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Although the proceeding should not have been transferred inasmuch as the petition does not raise the question of substantial evidence, we nevertheless retain jurisdiction and address the merits in the interest of judicial economy (*see Matter of Riley v Fischer*, 58 AD3d 976 [2009]).