■ In the Matter of WAYNE McFARLANE, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [883 NYS2d 740]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

As a result of an ongoing investigation, petitioner, then an inmate at Sing Sing Correctional Facility in Westchester County, was charged in a misbehavior report with conspiring to introduce controlled substances, soliciting others to smuggle contraband, telephone directive violations and violations of visiting procedures. Specifically, after monitoring the inmate phone system, it was determined that petitioner solicited and conspired with his wife and son to have them smuggle marihuana and heroin into the facility during an upcoming visit. On the day of the scheduled visit, petitioner's wife and son were interviewed and voluntarily surrendered substances which later tested positive as 31 grams of marihuana and 26 grams of heroin. Following a multi-day tier III disciplinary hearing on the matter, a Hearing Officer found petitioner guilty of all the aforementioned charges. Petitioner's administrative appeal resulted in a reduction of the penalty imposed but was otherwise unsuccessful, and he thereafter commenced this proceeding pursuant to CPLR article 78 seeking to annul the determination of guilt.

We confirm. Contrary to petitioner's assertion, the determination of his guilt was supported by substantial evidence including, among other things, the detailed misbehavior report, together with the testimony adduced at the hearing and the confidential testimony considered by the Hearing Officer in camera, such as the written statement of petitioner's wife, and the recorded telephone conversation between petitioner, his wife and his son (*see Matter of Batts v Fischer*, 60 AD3d 1129 [2009]; *Matter of Jimenez v Fischer*, 56 AD3d 924, 926 [2008]; *Matter of Torres v Fischer*, 53 AD3d 1008, 1009 [2008]; *Matter of Mastropietro v New York State Dept. of Corrections*, 52 AD3d 1125, 1126 [2008], *lv denied* 11 NY3d 711 [2008]; *Matter of Ross v Selsky*, 49 AD3d 1065, 1065 [2008]; *Matter of Jackson v Mc-*

*Ginnis*, 47 AD3d 1100 [2008]). Although petitioner denied conspiring to smuggle drugs into the facility, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Gomez v Leclaire*, 53 AD3d 994, 995-996 [2008]; *Matter of Reed v Goord*, 16 AD3d 796, 796-797 [2005]). Petitioner's remaining contentions, including his assertion that he was denied the right to call witnesses to testify on his behalf and his assertion that the incomplete hearing transcript prevents meaningful review, have been examined and found to be lacking in merit (*see Matter of Berry v Goord*, 42 AD3d 614 [2007]; *Matter of Callender v Selsky*, 41 AD3d 1065, 1066 [2007]; *see also Matter of Alvarez v Goord*, 30 AD3d 118, 119-121 [2006]).

Mercure, J.P., Peters, Lahtinen, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.