■ In the Matter of JERRY SANDERS, Petitioner, v DARWIN LaCLAIR, as Superintendent of Great Meadow Correctional Facility, Respondent. [890 NYS2d 136]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following the tape recording of several of petitioner's telephone calls during a confidential investigation, he was charged in a misbehavior report with, among other things, drug possession, smuggling and unauthorized third-party telephone calls. At the conclusion of a tier III disciplinary hearing, petitioner was found guilty of the enumerated charges. The determination was upheld on administrative appeal, and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, unusual incident report, tape recordings of petitioner's telephone calls and testimony from the Inspector General's investigator provide substantial evidence to support the determination that petitioner conspired with his wife and others to smuggle narcotics into the correctional facility (*see Matter of James v Fischer*, 57 AD3d 1064,

1064-1065 [2008]; *Matter of Gomez v Leclaire*, 53 AD3d 994, 995 [2008]; *Matter of Antinuche v Goord*, 16 AD3d 743, 744 [2005]). Contrary to petitioner's contention, the fact that drugs were not brought into the facility does not negate the finding of guilt with regard to the drug possession and smuggling charges, inasmuch as the rules were violated when petitioner conspired to bring them into the facility (*see* 7 NYCRR 270.2 [B] [14] [xv]; [15] [i]; *Matter of Gomez v Leclaire*, 53 AD3d at 995; *Matter of Ware v Hendel*, 42 AD3d 601, 602 [2007]).

Turning to petitioner's procedural claims, we find that the acts of misconduct were sufficiently detailed in the misbehavior report so as to afford him the opportunity to prepare a defense (*see Matter of Dolan v Goord*, 41 AD3d 1119, 1119 [2007]; *Matter of Toney v Goord*, 26 AD3d 613, 614 [2006]). Additionally, we find no merit in petitioner's claim that he was prejudiced by not receiving a transcript of the tapes of his telephone calls inasmuch as the tapes themselves were played during the hearing (*see generally Matter of Ryan v Goord*, 12 AD3d 799, 800 [2004]; *Matter of Cintron v Goord*, 280 AD2d 794, 794-795 [2001]).

We have examined petitioner's remaining claims and have determined that they are without merit.

Mercure, J.P., Peters, Spain, Malone Jr. and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.