■ In the Matter of JOHN ANTHONY ROBERTSON, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [892 NYS2d 921]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

After a frisk of petitioner's prison cell revealed a plexiglas shank secreted under the toilet, he was charged in a misbehavior report with possession of a weapon. Following a tier III disciplinary hearing, petitioner was found guilty and that determination was administratively affirmed. He thereafter commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, testimony of the correction officers who frisked petitioner's cell, supporting documentation and pictures of the weapon provide substantial evidence to support the determination of guilt (*see Matter of Pertillar v Fischer*, 64 AD3d 1029 [2009]; *Matter of James v Fischer*, 58 AD3d 981 [2009]). Petitioner's claim that he received the misbehavior report in retaliation for grievances he had filed against the correction officers involved presented a credibility issue to be resolved by the Hearing Officer (*see Matter of Holmes v Fischer*, 66 AD3d 1093 [2009]; *Matter of McFadden v Venet-*

*tozzi*, 65 AD3d 1401, 1402 [2009]). Finally, the minor omissions contained in the hearing transcript have not rendered it so incomplete as to preclude meaningful review (*see Matter of Johnson v Rock*, 64 AD3d 1096 [2009]; *Matter of Villafane v Fischer*, 63 AD3d 1403, 1404 [2009]).

We have examined the remainder of petitioner's contentions and find them to be either unpreserved or without merit.

Mercure, J.P., Rose, Malone Jr., Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.