■ In the Matter of JEREMY SMITON, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [894 NYS2d 567]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

As the result of an ongoing investigation, petitioner was charged in a misbehavior report with conspiring to introduce controlled substances, violating facility telephone procedures, exchanging his personal identification number (hereinafter PIN) and violating facility package procedures. Specifically, it was determined that petitioner requested that a phone number in the name of a relative be added to his approved calling list and that he subsequently gave his PIN, which is required to make telephone calls to numbers on your calling list, to another inmate. That inmate used petitioner's PIN to call the recently added telephone number, which actually belonged to the caller's brother, and arranged for heroin and marihuana to be smuggled into the facility. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. This determination was affirmed on administrative appeal, prompting this CPLR article 78 proceeding.

We confirm. Contrary to petitioner's contention, the determination of guilt was supported by substantial evidence, including the misbehavior report, confidential evidence and hearing testimony (*see Matter of McFarlane v Fischer*, 65 AD3d 769, 770 [2009]; *Matter of Johnson v Rock*, 64 AD3d 1096 [2009], *lv denied* 13 NY3d 713 [2009]; *Matter of Linares v Fischer*, 59 AD3d 761 [2009], *lv denied* 12 NY3d 709 [2009]). Petitioner's correction counselor testified that petitioner himself requested that the counselor add the telephone number in question to petitioner's calling list. The correction officer who authored the misbehavior report testified that his investigation revealed that the phone number was used in an attempt to smuggle drugs into the facility and that petitioner was involved in the conspiracy by agreeing to add the phone number to his calling list and then giving his PIN to a coconspirator. Petitioner's claim that he was not involved in the conspiracy and that someone else had added the telephone number to his calling list, by using petitioner's department identification number and a surname common in petitioner's family, presented a credibility issue for the Hearing Officer to resolve (*see Matter of McFarlane v Fischer*, 65 AD3d at 771). Petitioner also argues that he cannot be found guilty of conspiracy to introduce drugs into the correctional facility because the inmate to whom the package containing drugs was addressed was not found guilty of smuggling. This contention is without merit, as petitioner's involvement in a conspiracy to introduce the drugs into the facility was supported by substantial evidence and is punishable as a completed offense (*see generally Matter of Morris v O'Keefe*, 240 AD2d 994, 995 [1997]; *Matter of Tate v Senkowski*, 215 AD2d 903, 904-905 [1995], *lv denied* 86 NY2d 708 [1995]). Finally, as

petitioner's involvement in the conspiracy makes him subject to the same punishment as a violator of the disciplinary rule (*see* 7 NYCRR 270.3 [b]) and given the serious nature of the offense, we do not find that the penalty imposed was so shocking to one's sense of fairness as to be excessive (*see Matter of Martinez v Goord*, 48 AD3d 851 [2008]).

Mercure, J.P., Spain, Lahtinen, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.