■ In the Matter of Tyrone Minton, Petitioner, v Brian Fischer, as Commissioner of Correctional Services, Respondent. [899 NYS2d 916]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with, among other things, drug possession, smuggling and a facility visitation violation after an investigation suggested that he made arrangements by telephone to have drugs

delivered to the facility. After a tier III disciplinary hearing, petitioner was found guilty of the listed charges. The determination was modified on administrative appeal to reduce the penalty imposed, and this CPLR article 78 proceeding ensued.

Respondent concedes that the part of the determination finding petitioner guilty of smuggling and violating facility visitation procedures is not supported by substantial evidence and must be annulled. As the penalty included the loss of good time, the matter accordingly must be remitted to respondent for a redetermination thereof (see Matter of Wheeler-Whichard v Fischer, 69 AD3d 1286, 1286 [2010]; Matter of Cespedes v New York State Dept. of Correctional Servs., 68 AD3d 1429, 1430 [2009]).

As to the drug possession charge, the misbehavior report, testimony of the investigator who authored it and the transcripts of the recorded telephone conversations provide substantial evidence that petitioner was involved in a conspiracy to bring drugs into the facility (see Matter of Sanders v LaClair, 67 AD3d 1226, 1226-1227 [2009]; Matter of Florentino v Washburn, 47 AD3d 1169, 1170 [2008]). We have considered petitioner's other contentions and found them to be without merit.

Cardona, P.J., Peters, Rose, Kavanagh and Garry, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of smuggling and of violating facility visitation procedures and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.