Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
While a correction officer was releasing petitioner from his cell to take a shower, he allegedly tried to violently kick the officer in the leg. During the ensuing scuffle, the officer gave petitioner several orders to comply, which he ignored. Petitioner was eventually subdued, but the incident delayed the shower program for other inmates. Petitioner was charged in a misbehavior report with attempted assault, violent conduct, interference and refusing a direct order, and he was found guilty of all charges following a tier III disciplinary hearing. When his administrative appeal proved unavailing, petitioner commenced this CPLR article 78 proceeding.
We confirm. The misbehavior report, testimony of the correction officer involved in the fracas and the supporting documents provide substantial evidence to support the determination of guilt (see Matter of Hawkins v Fischer, 72 AD3d 1378, 1379 [2010]; Matter of Jones v Fischer, 69 AD3d 1065, 1065-1066 [2010]). Petitioner’s contention that the charges against him were in retaliation for a grievance he had filed against the correction officer involved in the incident presented an issue of credibility to be resolved by the Hearing Officer (see Matter of Robertson v Fischer, 70 AD3d 1081, 1081-1082 [2010]; Matter of Holmes v Fischer, 66 AD3d 1093, 1094 [2009]). Finally, the record demonstrates that the determination of petitioner’s guilt was based upon the evidence presented rather than any alleged hearing officer bias (see Matter of Key v Fischer, 72 AD3d 1365, 1366 [2010]; Matter of Bermudez v Fischer, 71 AD3d 1361, 1361-1362 [2010], lv denied 15 NY3d 702 [2010]).
Petitioner’s remaining contentions, including that the hearing was not timely conducted and that he was denied certain documentary evidence, have been examined and found to be without merit.
Spain, J.P., Rose, Lahtinen, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.