■ In the Matter of INJAH TAFARI, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [908 NYS2d 748]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with smuggling and possessing items in a prohibited area after a strip search in the mental health unit revealed that he had a bag of tobacco, several cigarettes, rolling papers, matches and a lighter secreted in his buttocks. Following a tier III disciplinary hearing, he was found guilty of both charges. That determination was affirmed on administrative appeal and petitioner, thereafter, commenced this CPLR article 78 proceeding.

We confirm. To the extent that petitioner challenges the evidence presented, we find that the detailed misbehavior report, testimony of the correction officer who authored the report, pictures of the contraband and supporting documentation provide substantial evidence to support the determination of guilt (*see Matter of Robertson v Fischer*, 70 AD3d 1081, 1081 [2010]; *Matter of Vargas v Selsky*, 69 AD3d 1078, 1078 [2010]). Petitioner was not denied due process because the contraband was destroyed prior to the hearing where the record demonstrates that such was done not in bad faith, but rather for hygienic purposes (*see Matter of Russell v Selsky*, 50 AD3d 1412, 1413 [2008]; *Matter of Morgan v Goord*, 10 AD3d 792, 793 [2004]). Finally, we reject petitioner's assertions that the misbehavior report was defective and that the hearing was not timely completed. Although the report date was incorrectly written as October 11, 2006, the correction officer who authored the report testified that the report was actually written on October 20, 2006, the date of the incident, which was reported correctly on the form. Therefore, the report contained sufficient information to apprise petitioner of the charges against him (*see Matter of Huston v Bezio*, 69 AD3d 1259, 1260 [2010]) and the hearing,

concluded on November 2, 2006, was timely (see 7 NYCRR 251-5.1 [b]).

We have examined petitioner's remaining contentions, including that he did not receive adequate assistance, and find them to be unpreserved or without merit.

Mercure, J.P., Spain, Lahtinen, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.