■ In the Matter of EDDIE HAYES, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [911 NYS2d 251]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After several pieces of a broken feed-up tray were found outside the exercise pen connected to petitioner's prison cell, a search of the proximate cells was ordered. Immediately thereafter, two weapons made of melted and sharpened plastic were found outside petitioner's prison cell, and the subsequent search of his cell revealed a broken piece of a plastic feed-up tray and burn marks on the underside of his desk. An examination of a videotape taken at the time of the incident also revealed that, just prior to the search, petitioner appeared to place an object on the floor and kick it out of his cell. As a result, petitioner was charged in a misbehavior report with possession of a weapon, destruction of state property and arson. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. On administrative appeal, the arson charge was dismissed for lack of evidence with no change in the penalty assessed. Petitioner thereafter commenced this CPLR article 78 proceeding.

We confirm. The detailed misbehavior report, testimony of the correction officers involved with the investigation, videotape of petitioner's actions, supporting documentation and pictures of the weapons found provide substantial evidence to support

the finding of guilt (*see Matter of Robertson v Fischer*, 70 AD3d 1081, 1081 [2010]; *Matter of Vargas v Selsky*, 69 AD3d 1078, 1078 [2010]). Petitioner's contention that he was improperly denied evidence in the form of additional videotapes, certain log book entries and an inventory checklist of his cell is unpersuasive, as the record demonstrates that those materials did not exist (*see Matter of West v Bezio*, 63 AD3d 1464, 1465 [2009]; *Matter of Chavis v Goord*, 58 AD3d 954, 955 [2009]). Finally, our review of the record demonstrates that the determination resulted from the evidence presented against petitioner, rather than any bias on the part of the Hearing Officer (*see Matter of Key v Fischer*, 72 AD3d 1365, 1366 [2010]; *Matter of Hayes v Fischer*, 70 AD3d 1085, 1086 [2010]). Petitioner's remaining contentions have been examined and determined to be unpreserved or without merit.

Cardona, P.J., Peters, Lahtinen, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.