■ In the Matter of KENYATTA B. PHIPPS, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [918 NYS2d 385]—

Based upon an investigation, petitioner, a prison inmate, was

identified as a gang member who was involved in a conspiracy to assault several prison guards. As a result, he was charged in a misbehavior report with gang activity, conspiring to commit an assault on staff and conspiring to participate in group violence, and he was found guilty of those charges after a tier III disciplinary hearing. That determination was affirmed on administrative appeal, after which petitioner commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, hearing testimony and confidential witness testimony provide substantial evidence to support the determination of guilt (*see Matter of Sterling v Bezio*, 76 AD3d 1165, 1165 [2010]; *Matter of Williams v Fischer*, 75 AD3d 706 [2010], *lv granted* 15 NY3d 891 [2010]). Petitioner's claims that the charges against him were in retaliation for a grievance he filed presented a credibility issue for the Hearing Officer to resolve (*see Matter of Lamphear v Fischer*, 76 AD3d 1166, 1166 [2010]). The credibility of the confidential informant was established by the Hearing Officer's review of the interview transcript and the inclusion of that transcript in the hearing record (*see generally Matter of Williams v Fischer*, 78 AD3d 1353, 1354 [2010], *lv denied* 16 NY3d 706 [2011]; *Matter of Sanders v Haggett*, 72 AD3d 1372, 1373 [2010]). Additionally, petitioner did not have the right to review the confidential information (*see Matter of Washington v Fischer*, 78 AD3d 1399 [2010]; *Matter of Perretti v Fischer*, 58 AD3d 999, 1002 [2009], *lv denied* 12 NY3d 709 [2009]).

Our review of the record reveals that the determination of guilt flowed from the evidence presented, rather than any alleged hearing officer bias (*see Matter of Lamphear v Fischer*, 76 AD3d at 1166; *Matter of Hamilton v Bezio*, 76 AD3d 1125, 1126 [2010]). Finally, we find that the penalty assessed for the planned assault on correction officers was not so disproportionate to the offense as to be shocking to one's sense of fairness (*see Matter of Smiton v New York State Dept. of Correctional Servs.*, 70 AD3d 1148, 1150 [2010]; *Matter of Rivera v Goord*, 38 AD3d 964, 964-965 [2007]).

Petitioner's remaining contentions, to the extent preserved, have been reviewed and determined to be without merit.

Mercure, J.P., Spain, Lahtinen, Kavanagh and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.