■ In the Matter of ANTWON DENNIS, Petitioner, v NORMAN BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [918 NYS2d 666]—

Petitioner, a prison inmate, filed applications to participate in the family reunion program and have conjugal visits with a woman he represented to be his legal spouse. He had his first such visit with the woman in June 2009. He was scheduled to have his second visit in August 2009, but the visit was revoked when it was discovered that the woman was carrying a cell phone among her belongings. Following this incident and during the course of reviewing petitioner's file, a correction counselor discovered a divorce decree establishing that petitioner had been legally divorced from the woman since 1996. As a result, he was charged in a misbehavior report with providing false information and violating guidelines for the family reunion program. Petitioner was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of the correction counselor who authored it and the documentation in petitioner's file, provide substantial evidence supporting the determination of guilt (*see Matter of Gourdine v Venettozzi*, 76 AD3d 736, 736 [2010]; *Matter of Kasiem v New York State Dept. of Correctional Servs.*, 69 AD3d 1268, 1269 [2010]). Although petitioner denied the charges and maintained that the misbehavior report was retaliatory in nature, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Lamphear v Fischer*, 76 AD3d 1166, 1166 [2010]; *Matter of Porter v Goord*, 47 AD3d 978, 979 [2008]). In addition, we find no merit to petitioner's claim that he was improperly denied requested documentation inasmuch as he was not entitled to those documents that did not exist or were irrelevant to the charges (*see Matter of Cornwall v Fischer*, 74 AD3d 1507, 1509 [2010]; *Matter of Bornstorff v Bezio*, 73 AD3d 1397, 1398 [2010]). Likewise, we are not persuaded that petitioner was improperly denied certain witnesses given that their testimony was not relevant to the main issue in the disciplinary proceeding, namely, petitioner's falsification of information on his family reunion applications (*see Matter of Lozada v Cook*, 67 AD3d 1232, 1233 [2009], *lv denied* 14 NY3d 706 [2010]; *Matter of Thompson v*

*Votraw*, 65 AD3d 1403, 1404 [2009]). Finally, contrary to petitioner's claim that the misbehavior report was deficient, we find that it contained sufficient information to adequately apprise him of the charges against him (*see Matter of Garraway v Fischer*, 70 AD3d 1153, 1153 [2010]; *Matter of Partee v Bezio*, 67 AD3d 1224, 1224-1225 [2009], *lv denied* 14 NY3d 702 [2010]). Petitioner's remaining arguments either have not been preserved for our review or are lacking in merit.

Mercure, J.P., Rose, Kavanagh, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.