■ In the Matter of PAUL STINSON, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [929 NYS2d 775]—

During an investigation in which information was received from a confidential source, an investigator determined that petitioner was conspiring with others to smuggle drugs into the correctional facility. As a result, petitioner was charged in a misbehavior report with smuggling and conspiring to possess drugs. Following a tier III disciplinary hearing, he was found guilty of the charges and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the hearing testimony of the investigator who prepared it, his confidential testimony and the recorded telephone conversations, provide substantial evidence supporting the determination of guilt (*see Matter of McFarlane v Fischer*, 65 AD3d 769, 770 [2009]; *Matter of Antinuche v Goord*, 16 AD3d 743, 744 [2005]). Contrary to petitioner's claim, the record establishes that the Hearing Officer properly verified the reliability of the confidential source by interviewing and thoroughly questioning the investigator who spoke with this individual (*see Matter of Rivera v Artus*, 82 AD3d 1431 [2011]; *Matter of Ballou v New York State Dept. of Correctional Servs.*, 80 AD3d 1058, 1059 [2011]). Petitioner's denial of the charges presented a credibility issue for the Hearing Officer to resolve (*see Matter of Vidal-Ortiz v Fischer*, 84 AD3d 1627 [2011]; *Matter of McFarlane v Fischer*, 65 AD3d at 771). Moreover, insofar as petitioner claims that the misbehavior report did not provide him adequate notice of the charges because the date of the interview referenced therein was incorrect (*see* 7 NYCRR 251-3.1 [c] [3]), this discrepancy was sufficiently explained by the author of the report as a typographical error (*see e.g. Matter of Horne v Fischer*, 60 AD3d 1233 [2009]). Nor has petitioner demonstrated any prejudice. Petitioner's remaining contentions, to the extent that they are properly before us, have been considered and are unavailing.

Peters, J.P., Spain, Rose, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.