■ In the Matter of Santiago Gomez, Petitioner, v Brian Fischer, as Commissioner of Corrections and Community Supervision, Respondent. [934 NYS2d 521]—

Petitioner, a prison inmate, was served with a misbehavior report charging him with threats, violent conduct, fighting and gang activity after confidential information was received that he was organizing a gang fight in the yard. Following a tier III disciplinary hearing, petitioner was found guilty of all charges except fighting. That determination was affirmed on administrative appeal, after which petitioner commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, testimony of the correction officer who conducted the investigation and confidential information provide substantial evidence to support the determination (*see Matter of Williams v Fischer*, 84 AD3d 1661, 1662 [2011], *lv denied* 17 NY3d 711 [2011]; *Matter of Phipps v Fischer*, 82 AD3d 1396, 1397 [2011]). Petitioner's claim that he could not be found guilty because the fight never occurred is unavailing, inasmuch as a conspiracy to violate a rule may be punished to the same degree as an actual violation (*see* 7 NYCRR 270.3 [b] [2]; *Matter of Smiton v New York State Dept. of Correctional Servs.*, 70 AD3d 1148, 1149 [2010]; *Matter of Huston v Bezio*, 69 AD3d 1259, 1260 [2010]).

Turning to petitioner's procedural contentions, we do not find that the misbehavior report was deficient due to its omission of specific dates and times and the identities of petitioner's coconspirators inasmuch as the report was the result of an ongoing investigation and was based upon confidential information (*see Matter of Boyd v Fischer*, 74 AD3d 1679, 1679-1680 [2010]; *Matter of Taylor v Fischer*, 74 AD3d 1677, 1677 [2010]). Petitioner's claim that he was denied documentary evidence in

the form of a certain sign-in sheet for the day in question is unavailing inasmuch as the record shows that the document no longer existed at the time of the hearing (*see Matter of Dennis v Bezio*, 82 AD3d 1398, 1399 [2011]; *Matter of Hayes v Fischer*, 78 AD3d 1396, 1397 [2010]). Finally, we find that the determination of guilt was premised on the evidence presented, rather than any bias on the part of the Hearing Officer (*see Matter of Montgomery v Fischer*, 84 AD3d 1666, 1667 [2011]; *Matter of Weems v Fischer*, 82 AD3d 1454, 1456 [2011]).

We have examined petitioner's remaining contentions and have found them to be either unpreserved for our review or without merit.

Spain, J.P., Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.