Rose, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
After confidential information was received by the Inspector General’s office that petitioner was conspiring to smuggle drugs into the correctional facility in which he was incarcerated, petitioner’s telephone calls were monitored and recorded. As a result of those calls, prison officials believed that petitioner was, indeed, conspiring with his family, and when petitioner’s wife came to visit several weeks later, she was intercepted by officials. Because she refused to submit to a search, however, no drugs were found and she was released. Nevertheless, based upon the telephone calls, petitioner was charged in a misbehavior report with conspiracy to possess drugs, smuggling, abuse of telephone privileges and violation of visiting room procedures. Following a tier III disciplinary hearing, he was found guilty of *1530 all charges. That determination was affirmed on administrative appeal, after which petitioner commenced this CPLR article 78 proceeding.
To the extent that petitioner challenges the sufficiency of the evidence upon which the finding of guilt was based, we find that the misbehavior report, recorded telephone calls and testimony of the investigator provide substantial evidence to support the determination of guilt (see Matter of Stinson v Prack, 87 AD3d 1218, 1219 [2011]; Matter of Minton v Fischer, 73 AD3d 1347, 1348 [2010], appeal dismissed 15 NY3d 848 [2010]). We reject petitioner’s contention that he could not be found guilty of violating visiting room procedures when he did not actually enter the visiting room, inasmuch as inmates involved in a conspiracy or an attempt to violate a disciplinary rule will be liable to the same degree as violators of such rules, “whether or not the text of an actual rule contains such terms” (7 NYCRR 270.3 [b]; see Matter of Gomez v Fischer, 89 AD3d 1341, 1341 [2011]). Petitioner was not denied relevant documents, as the documents requested either did not exist or were confidential based upon ongoing investigations (see Matter of Dennis v Bezio, 82 AD3d 1398, 1399 [2011]; Matter of Umoja v Bezio, 64 AD3d 1066, 1066 [2009]). Finally, our review of the record demonstrates that petitioner’s guilt was premised upon the evidence presented at the hearing, rather than any alleged hearing officer bias (see Matter of Lopez v Fischer, 91 AD3d 1223, 1224 [2012]). We have examined petitioner’s remaining claims and find them to be without merit.
Peters, P.J., Lahtinen, Malone Jr. and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.