Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
*779 Petitioner was charged in a misbehavior report with smuggling and drug possession. The charges stem from an investigation into a recorded conversation between petitioner and his girlfriend revealing drug smuggling activity on the girlfriend’s next visit with petitioner at the correctional facility. When the girlfriend thereafter arrived at the correctional facility accompanied by another woman who was there to visit petitioner’s cellmate, both women were detained and the cellmate’s visitor surrendered marihuana to the investigators. Petitioner was found guilty of both charges following a disciplinary hearing. That determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.
We confirm. Substantial evidence, in the form of the misbehavior report, testimony at the hearing and confidential information, supports the determination finding petitioner guilty of conspiring with his girlfriend to smuggle drugs into the correctional facility (see Matter of Ware v Hendel, 42 AD3d 601, 602 [2007]). The fact that neither petitioner nor his girlfriend actually possessed the marihuana does not negate petitioner’s guilt, as violation of those rules occurred when petitioner solicited and conspired with another to bring the drugs into the facility (see 7 NYCRR 270.2 [B] [14] [xv]; [15] [i]; see also Matter of Sanders v LaClair, 67 AD3d 1226, 1227 [2009]).
We have reviewed petitioner’s remaining contention that the misbehavior report and the unusual incident report are inconsistent and find it to be without merit.
Peters, P.J., Mercure, Spain, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.