■ In the Matter of TROY MCCULLOUGH, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [887 NYS2d 880]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

While being escorted from a disciplinary hearing, petitioner struck a correction officer in the face. The officer attempted to restrain petitioner, but petitioner resisted and disregarded the officer's orders to stop. Petitioner was ultimately subdued and handcuffs were applied. He was later charged in a misbehavior report with assaulting staff, engaging in violent conduct, disturbing the order of the facility and refusing a direct order. Petitioner was found guilty of the charges at the conclusion of a tier III disciplinary hearing and the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. Initially, insofar as petitioner challenges the sufficiency of the evidence, we find that the misbehavior report, together with the documentary evidence and testimony of the correction officers present at the scene, provide substantial evidence supporting the determination of guilt (*see Matter of Terrence v Fischer*, 64 AD3d 1110 [2009]; *Matter of Dozier v Selsky*, 54 AD3d 1074, 1075 [2008]). Petitioner's assertion that he did not assault the correction officer, but that the officer assaulted him presented a credibility issue for the Hearing Officer to resolve (*see Matter of Peana v Fischer*, 54 AD3d 1126, 1127 [2008]; *Matter of Martinez v Selsky*, 53 AD3d 989 [2008]). Petitioner further contends that he was improperly denied certain documentary evidence detailing the nature of the officer's injuries. Although petitioner was denied photographs of the officer's injuries and was given redacted copies of the use of force report, the Hearing Officer reported on the record the injury sustained by the officer, which consisted of an abrasion to his right cheek. In view of this, the officer's injury was sufficiently established and, given the overwhelming evidence of petitioner's guilt, any error was harmless (*see Matter of Melendez v Goord*, 288 AD2d 791, 793 [2001]; *see e.g. Matter of Cody v Goord*, 17 AD3d 943, 944 [2005]). Petitioner's remaining contentions have not been preserved for our review.

Spain, J.P., Rose, Lahtinen, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.