■ In the Matter of AUDELIS CRUZ, Petitioner, v NORMAN R. BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [912 NYS2d 466]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was served with a misbehavior report charging him with various disciplinary violations after an investigation by the Inspector General's office revealed that forged disbursement forms were used to withdraw money from other inmates' accounts and the money was sent to petitioner's wife. Following a tier III disciplinary hearing, petitioner was found guilty of counterfeiting, possessing stolen property, impersonation and violation of facility correspondence rules. That determination was upheld on administrative appeal and petitioner, thereafter, commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, together with the testimony of the investigator from the Inspector General's office and the related documentation, provide substantial evidence to support the determination of guilt (see *Matter of Lawson v Commissioner of Correctional Servs.*, 73 AD3d 1296, 1297 [2010]; *Matter of Sanders v LaClair*, 67 AD3d 1226, 1226 [2009]). Contrary to petitioner's contention, the misbehavior report contained sufficient detail to apprise him of the charges against him and enable him to prepare a defense (see *Matter of Arriaga v Smith*, 70 AD3d 1160 [2010]; *Matter of Linares v Fischer*, 59 AD3d 761 [2009], *lv denied* 12 NY3d 709 [2009]). Petitioner's denial that he had knowledge of the scheme presented a credibility issue to be resolved by the Hearing Officer

(*see Matter of Parra v Fischer*, 76 AD3d 724, 725 [2010], *lv denied* 15 NY3d 714 [2010]).

Turning to petitioner's procedural arguments, there is no merit to his contention that he was deprived of effective assistance. The record demonstrates that, when petitioner expressed dissatisfaction with his initial assistant, the Hearing Officer assigned another assistant and petitioner thereafter signed a form acknowledging that he had received such assistance. In any event, petitioner was provided with all of the documentation that he requested and was given ample time to review it, or was given a valid reason why such documentation was being denied (*see Matter of Williams v Fischer*, 73 AD3d 1364, 1364-1365 [2010]; *Matter of Scott v Fischer*, 57 AD3d 1035, 1036 [2008], *lv denied* 12 NY3d 705 [2009]). Likewise, petitioner was not improperly denied the right to call his wife as a witness given that, after the Hearing Officer was initially unable to contact her via the number included in petitioner's file, petitioner declined to have her contacted at all (*see Matter of Cornwall v Fischer*, 74 AD3d 1507, 1509 [2010]). Petitioner's contention that the Hearing Officer should have recused himself is without merit, inasmuch as the record demonstrates that he was not personally involved in the investigation (*see Matter of Dubois v Bezio*, 67 AD3d 1111 [2009]; *Matter of Hayes v Goord*, 26 AD3d 550, 551 [2006]). Finally, we find that the determination of guilt flowed from the evidence presented and not from any alleged bias on the part of the Hearing Officer (*see Matter of Lamphear v Fischer*, 76 AD3d 1166 [2010]; *Matter of Hamilton v Bezio*, 76 AD3d 1125, 1126 [2010]).

Petitioner's remaining contentions, including that the Hearing Officer failed to independently assess the credibility of the confidential witnesses, are unpreserved or have been examined and found to be without merit.

Peters, J.P., Malone Jr., Kavanagh, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.