■ In the Matter of RALPH ALICEA, Petitioner, v BRIAN FISCH-ER, as Commissioner of Corrections and Community Supervision, Respondent. [932 NYS2d 384]—

We confirm. The misbehavior report, testimony of the correction officers who performed the search and testimony of the gang expert who identified the poster found in petitioner's cell as depicting gang-related images provide substantial evidence to support the determination (*see Matter of Flournoy v Bezio*, 84 AD3d 1636, 1637 [2011]; *Matter of Harvey v Bradt*, 81 AD3d 1003, 1003 [2011]). Petitioner's protestations and the testimony of his inmate witness that the poster had been placed in petitioner's cell without his knowledge raised credibility issues to be resolved by the Hearing Officer (*see Matter of Quezada v Fischer*, 85 AD3d 1462, 1462 [2011]; *Matter of Williams v Fischer*, 84 AD3d 1661, 1662 [2011], *lv denied* 17 NY3d 711 [2011]).

Turning to petitioner's procedural contentions, we find that the misbehavior report contained sufficient information to allow him to prepare an adequate defense (*see Matter of Cruz v Bezio*, 79 AD3d 1509, 1509 [2010]; *Matter of Davis v Fischer*, 78 AD3d 1416 [2010]). We also find no merit to petitioner's claims that he was denied the right to call certain witnesses. With regard to inmate Nelson, sufficient inquiry was made to determine that his refusal to testify was genuine (*see Matter of Perretti v Fischer*, 58 AD3d 999, 1002 [2009], *lv denied* 12 NY3d 709 [2009]; *Matter of Fontaine v Superintendent of Southport Correctional Facility*, 35 AD3d 1113, 1114 [2006], *appeal dismissed* 8 NY3d 943 [2007]) and, as to the remaining witnesses, the Hearing Officer properly determined that they were either unavailable or their testimony would be irrelevant (*see Matter of Lebron v McGinnis*, 26 AD3d 658, 659 [2006], *lv denied* 7 NY3d 704 [2006]; *Matter of Lebron v Goord*, 6 AD3d 997, 998 [2004]). We have examined petitioner's remaining contentions and find them to be either unpreserved or lacking in merit.

Mercure, J.P., Peters, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.