■ In the Matter of AJAMU OLUTOSIN, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [950 NYS2d 824]—

Appeal from a judgment of the Supreme Court (Gilpatric, J.), entered December 6, 2011 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

When a correction officer directed petitioner to lock into his new cell, petitioner punched the officer and a physical altercation ensued. The commotion was heard by another officer who tackled petitioner in order to stop the attack. Petitioner attempted to strike this officer, but was subdued. He was subsequently charged in a misbehavior report with assaulting staff, engaging in violent conduct and interfering with an employee. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

Initially, petitioner asserts that he was improperly denied certain documents that were important to his defense that he was assaulted by officers. Specifically, he contends that the work location of the officer whom he allegedly assaulted is missing from the redacted copy of the log book he was provided. The correction sergeant who responded to the scene, however, identified the injured officer's work location as the block where petitioner's new cell was located. Given that the sergeant's testimony cured any omissions in the log book, we find no merit to petitioner's claim. Similarly, although petitioner also made a belated objection that he was improperly denied copies of the injured officer's outside medical reports, the Hearing Officer read the prison medical report into the record and showed petitioner pictures of the officer's injuries. As petitioner had notice of the officer's injuries and the evidence of his guilt was overwhelming, any error in not providing him the requested records was harmless (*see Matter of McCullough v Fischer*, 67 AD3d 1166, 1167 [2009]). Furthermore, while petitioner asserts that the Hearing Officer had prior knowledge of the incident and should have recused himself from presiding over the hearing, we find this argument unpersuasive given that the Hearing Officer had no involvement in the investigation of the incident and there is no evidence of bias (*see Matter of Cruz v Bezio*, 79 AD3d 1509, 1510 [2010]). We have considered petitioner's remaining contentions, including his claims regarding alleged deficiencies in the hearing transcripts, and find them to be unavailing.

Rose, J.P., Lahtinen, Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.