■ In the Matter of RUDY STARK, Petitioner, v NORMAN BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [947 NYS2d 835]—

During a visit with his wife, petitioner was observed engaged in an unauthorized exchange of property and subsequently charged in a misbehavior report with smuggling, possessing an item in an unauthorized area, possessing an altered item and failing to comply with frisk procedures. Following the visit, an investigation resulted in a second misbehavior report charging petitioner with smuggling and conspiring to introduce drugs into the correctional facility. A tier III disciplinary hearing for both misbehavior reports was held where the smuggling charge contained in the second report was dismissed and petitioner was found guilty of all remaining charges.*

On appeal, petitioner argues that the Hearing Officer's determination finding him guilty of conspiring to introduce drugs into the facility is not supported by substantial evidence. To the contrary, we find that the second misbehavior report and related documentation, including the confidential information considered by the Hearing Officer in camera, as well as the testimony adduced at the hearing, provide the necessary supporting substantial evidence (*see Matter of Alvarado v Commissioner of Special Hous. Unit*, 93 AD3d 966, 967 [2012]).

---

* Petitioner concedes that he pleaded guilty to the charges contained in the first misbehavior report and does not challenge that part of the determination (*see Cooper v Fischer*, 89 AD3d 1336, 1336 [2011]).

We have considered petitioner's remaining contentions and find them either unpreserved or lacking in merit.

Peters, P.J., Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.