*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 12, 2015                    520867
_____

In the Matter of JOHN SHIELDS,
                    Petitioner,

            v                              MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                    Respondent.
_____

Calendar Date:  September 22, 2015

Before:  Peters, P.J., McCarthy, Garry and Devine, JJ.

                    _____

        John Shields, Beacon, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating a
prison disciplinary rule.

        Petitioner and another inmate made arrangements to have a
third inmate receive a package on their behalf from an individual
outside the correctional facility.  When the package arrived,
correction officers informed the recipient that the powdered
drink mix included in the package was not permitted in the
facility and he agreed to donate it to charity.  When the drink
mix container was being processed for donation, correction
officials discovered that it had been tampered with and 15
cigarettes containing what appeared to be synthetic marihuana

were recovered.  An investigation ensued during which confidential information was received implicating petitioner as a participant in the plan to bring the package into the correctional facility.  As a result, he was charged in a misbehavior report with smuggling.  Petitioner was found guilty of the charge following a tier III disciplinary hearing.  The penalty imposed was modified by correction officials and the determination was later affirmed on administrative appeal.  This CPLR article 78 proceeding ensued.

We confirm.  The detailed misbehavior report, related documentation and testimony of the recipient of the package, together with the confidential information considered by the Hearing Officer in camera, provide substantial evidence supporting the determination of guilt (see Matter of Adams v Fischer, 116 AD3d 1269, 1270 [2014]; Matter of Stark v Bezio, 97 AD3d 913, 913 [2012]).  Contrary to petitioner's claim, the disciplinary rule prohibiting smuggling includes conspiring with another to do so (see 7 NYCRR 270.2 [B] [15] [i]; 270.3 [b]; Matter of Welch v Fischer, 121 AD3d 1139, 1140 [2014]).  Moreover, to the extent that petitioner denied being involved in the smuggling scheme, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Sullivan v Fischer, 95 AD3d 1514, 1515 [2012]; Matter of Garner v Selsky, 47 AD3d 1167, 1168 [2008]).  Petitioner's further claims that the Hearing Officer failed to independently assess the reliability of the confidential information or permit him to question the confidential sources are unpreserved for our review due to his failure to raise them at the hearing or in his administrative appeal (see Matter of Jones v Prack, 114 AD3d 985, 985 [2014]; Matter of Robinson v Phillips, 285 AD2d 779, 780 [2001]).  Petitioner's remaining contentions are unpreserved or without merit.

Peters, P.J., McCarthy, Garry and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court