*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 16, 2016                    520943
_____

In the Matter of CEDRIC V.
    DARRETT,
                        Petitioner,

        v                                              MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  May 3, 2016

Before:  Lahtinen, J.P., Garry, Rose, Devine and Aarons, JJ.

_____

        Cedric V. Darrett, Auburn, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with
disobeying a direct order, creating a disturbance, interfering
with an employee, violating visiting room procedures, smuggling
and failing to comply with frisk procedures.  According to the
misbehavior report, petitioner and his son acted suspiciously
during a visit and repeatedly looked over at the correction
officer on duty.  After petitioner nervously asked to use the
bathroom, the correction officer observed petitioner squatting in
front of the urinal, reaching between his legs and apparently

inserting something into his rectum.  A strip search of petitioner was ordered, during which petitioner was argumentative and uncooperative, thereby resulting in multiple direct orders for him to keep his hands on the wall.  When a string was observed hanging from petitioner's buttocks, several direct orders to remove it were issued before petitioner complied.  The string had a loop and knot on one end but nothing attached to it.

Following a tier III disciplinary hearing, petitioner was found guilty of all charges with the exception of creating a disturbance and refusing to comply with frisk procedures.  The determination was modified on administrative appeal to the extent that the charge of interference with an employee was dismissed, but was otherwise affirmed.  This CPLR article 78 proceeding ensued.

We confirm.  Contrary to petitioner's contention, the misbehavior report and testimony from the correction officer who authored it provide substantial evidence to support the determination of guilt, notwithstanding that no contraband was found (see Matter of Padilla v Fischer, 76 AD3d 742, 742 [2010], lv denied 15 NY3d 714 [2010]; Matter of Spulka v Goord, 12 AD3d 1004, 1005 [2004]).  Furthermore, we conclude that there is nothing inconsistent with the dismissal of the charge of interference with an employee and a guilty finding on the charges of refusing a direct order, smuggling and violating visiting room procedures.  Petitioner's remaining contention that the string and videotape of petitioner in the bathroom should have been produced at the hearing is not preserved for our review as he did not request such evidence before or during the hearing (see Matter of Joseph v Prack, 133 AD3d 1014, 1015 [2015]; Matter of Gressler v Fischer, 108 AD3d 895, 896 [2013]).

Lahtinen, J.P., Garry, Rose, Devine and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court