*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    July 21, 2016                522143
_____

In the Matter of MELVIN
    JOHNSON,
                        Petitioner,

        v                                   MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:    June 6, 2016

Before:    Lahtinen, J.P., Garry, Rose, Lynch and Mulvey, JJ.

                        _____


        Melvin Johnson, Wende Road, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

                        _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating a prison disciplinary rule.

        Petitioner was charged in a misbehavior report with using a
controlled substance after a sample of his urine twice tested
positive for the presence of buprenorphine.  He was found guilty
of the charge following a tier III disciplinary hearing, and the
determination was later affirmed on administrative appeal.  This

CPLR article 78 proceeding ensued.[1]

We confirm.  Upon reviewing the record, we find no merit to petitioner's claim that he was denied a fair hearing.  Significantly, there is no indication that the Hearing Officer engaged in conduct suggestive of bias or that the determination flowed from any alleged bias (see Matter of Williams v Prack, 130 AD3d 1123, 1124 [2015]; Matter of Paddyfote v Fischer, 118 AD3d 1240, 1241 [2014]).  Furthermore, petitioner's challenge to the tier II designation assigned to the matter has not been preserved for our review due to his failure to raise it at the hearing (see Matter of Joseph v Prack, 133 AD3d 1014, 1015 [2015]; Matter of Baez v Bellnier, 131 AD3d 771 [2015]).

Lahtinen, J.P., Garry, Rose, Lynch and Mulvey, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1]  Although the proceeding was improperly transferred to this Court as the verified petition does not raise the issue of substantial evidence, we nevertheless retain jurisdiction in the interest of judicial economy (see Matter of Toliver v New York State Dept. of Corr. & Community Supervision, 127 AD3d 1536, 1537 n 1 [2015]).