■ In the Matter of JAHSIB HEADLEY, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [54 NYS3d 459]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with smuggling, violating visiting room procedures and disobeying a direct order. The charges stemmed from a correction officer who observed petitioner in the bathroom trying to place a white ball of tissue in his rectum and, when ordered to turn the object over, flush it down the toilet. Petitioner then dropped on the ground and refused orders to stand up. Thereafter, petitioner's cell was searched and a second misbehavior report was issued charging petitioner with possessing an altered item, possessing an item in an unauthorized area, possessing contraband, possessing flammable material and possessing an altered electrical device. At a combined tier III disciplinary hearing, petitioner pleaded guilty to all of the charges in the second misbehavior report and was found guilty of violating visiting room procedures and disobeying a direct order, but not guilty of smuggling. Petitioner's administrative appeal was unsuccessful, prompting this CPLR article 78 proceeding.

Initially, we note that any challenge to the sufficiency of the

evidence supporting the determination with respect to the charges in the second misbehavior report are precluded by petitioner's pleas of guilty to each of those charges (*see Matter of Donerlson v Annucci*, 147 AD3d 1142, 1142 [2017]). Turning to the first misbehavior report, the misbehavior report, supporting documentation and testimony at the hearing provide substantial evidence to support the determination of guilt (*see Matter of Darrett v Annucci*, 140 AD3d 1419, 1420 [2016]; *Matter of Matthews v Goord*, 47 AD3d 1043, 1043 [2008]). Any inconsistencies in the correction officer's testimony presented a credibility issue for the Hearing Officer to resolve (*see Matter of Ashley v Annucci*, 145 AD3d 1238, 1239 [2016], *lv denied* 29 NY3d 905 [2017]; *Matter of Aguirre v Fischer*, 111 AD3d 1219, 1220 [2013]). Furthermore, we are unpersuaded by petitioner's assertion that the dismissal of the smuggling charge is inconsistent with a finding that petitioner violated visiting room procedures and disobeyed a direct order. Finally, we do not find the penalty imposed to be "so shocking to one's sense of fairness as to be excessive" (*Matter of Legeros v Annucci*, 147 AD3d 1175, 1176 [2017]). Petitioner's remaining contentions, including that the second misbehavior report should have been designated a tier II violation and that the Hearing Officer should have been disqualified from presiding over the hearing, were not raised at the hearing and, therefore, are unpreserved for our review.

Garry, J.P., Egan Jr., Rose, Devine and Clark, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.