Matter of Washington v Annucci (2018 NY Slip Op 02696)





Matter of Washington v Annucci


2018 NY Slip Op 02696


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

525223

[*1]In the Matter of MICHAEL WASHINGTON, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: March 2, 2018

Before: Garry, P.J., McCarthy, Mulvey, Aarons and Rumsey, JJ.


Michael Washington, Elmira, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
While a correction officer was making his rounds, petitioner and six other inmates started yelling and banging on their cell gates for approximately 15 minutes, despite direct orders to stop, in an apparent protest over a delayed commissary delivery. The officer stopped at each cell and wrote down the cell numbers of the participating inmates, including petitioner. A video of the incident shows the inmates yelling and banging, and the officer stopping at petitioner's cell. As a result, petitioner was charged in a misbehavior report with refusing a
direct order, creating a disturbance and demonstrating. Following a tier III disciplinary hearing, he was found guilty of the charges and a penalty was imposed. The determination was upheld on administrative appeal with a modified penalty, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, hearing testimony of its author and the video of the incident provide substantial evidence supporting the determination (see Matter of Kalwasinski v Venettozzi, 152 AD3d 853, 853 [2017]). Petitioner admitted — and the video confirms — that the officer stopped at his cell during the disturbance, and petitioner's denial that he participated or was given a direct order to stop created a credibility issue for the Hearing Officer to resolve (see Matter of Williams v Kirkpatrick, 153 AD3d 996, 996 [2017]). With [*2]regard to petitioner's claim that he received inadequate employee assistance, the record reflects that he received meaningful assistance and was provided all existing requested documents, and he has not demonstrated any deficiencies or that prejudice resulted therefrom (see Matter of Douglas v Annucci, 155 AD3d 1216, 1217 [2017]). Petitioner's contention that the Hearing Officer failed to consider the testimony of his inmate witness is belied by the record, which reflects that the Hearing Officer questioned this witness during the hearing and expressly found that he had been "less than truthful." Petitioner was permitted to watch the video of the incident, and his argument that it should not have been played off the record was not raised at the hearing, where it could have been addressed (see Matter of Darrett v Annucci, 140 AD3d 1419, 1420-1421 [2016]). His remaining claims have been examined and, to the extent that they are preserved for our review, have been determined to lack merit.
Garry, P.J., McCarthy, Mulvey, Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.