Matter of Dunbar v Annucci (2019 NY Slip Op 05259)





Matter of Dunbar v Annucci


2019 NY Slip Op 05259


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

528235

[*1]In the Matter of RAVANEL DUNBAR, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: May 24, 2019

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Aarons, JJ.


Ravanel Dunbar, Woodbourne, petitioner pro se.
Letitia James, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with smuggling and violating visitation procedures. According to the misbehavior report, petitioner was observed in the bathroom of the visitation frisk area inserting what appeared to be a balloon in his anal cavity, prompting correction officers to proceed into the bathroom. Petitioner was then observed removing a second balloon from his pocket and, when he saw the officers enter the bathroom, he threw the balloon into the toilet and flushed it. Following a tier III disciplinary hearing, petitioner was found guilty of the charges and the determination was upheld on administrative appeal, with a modified penalty. This CPLR article 78 proceeding ensued.
Contrary to petitioner's contention, the misbehavior report and testimony of its author provide substantial evidence to support the determination of guilt, "notwithstanding the fact that contraband was never recovered" (Matter of Gonzalez v Annucci, 168 AD3d 1291, 1292 [2019]; see Matter of Darrett v Annucci, 140 AD3d 1419, 1420 [2016]). The testimony of the author of the misbehavior report to his firsthand observations was consistent with the misbehavior report, and any perceived inconsistencies created a credibility issue for the Hearing Officer to resolve and, indeed, this testimony was expressly credited in rendering the determination (see Matter of Bekka v Annucci, 168 AD3d 1334, 1335 [2019]; Matter of Headley v Annucci, 150 AD3d 1513, 1514 [2017]). Petitioner's testimony that he was merely wiping himself likewise created a credibility issue (see Matter of Tannis v Annucci, 170 AD3d 1410, 1411 [2019]; Matter of Cole v Selsky, 269 AD2d 717, 717 [2000]). To the extent that petitioner claims that the misbehavior report failed to provide adequate notice of the charged conduct, we find that it "was sufficiently specific to both provide petitioner with notice of the charges against him and enable him to [*2]discern his role in the incident, thereby affording him an opportunity to prepare a meaningful defense" (Matter of Bekka v Annucci, 168 AD3d at 1335 [internal quotation marks and citation omitted]; see 7 NYCRR 251-3.1 [c]). Further, petitioner was not charged with possession of drugs and the Hearing Officer's written reference to increased drug use in the facility was made in the context of citing aggravating factors supporting the penalty, and there is no indication that it influenced the determination of guilt. Petitioner's remaining contentions have been considered and, to the extent that they are preserved, have been found to lack merit.
Garry, P.J., Egan Jr., Clark, Mulvey and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.